CHARLES J. HOLMES *vs.* CHESTER W. GREENE & others.

A citizen of Massachusetts, removing with his family to another state, and retaining no dwelling place in Massachusetts, though retaining his place of business here, and intending to retain his domicil here, and to return at some future indefinite period of time has no domicil in Massachusetts.

ACTION OF TORT against the selectmen of Fall River for 1853, for refusing to receive the plaintiff's vote at the annual election for state officers in November of that year. Writ dated May 29th 1854.

At the trial, the defendants admitted that the plaintiff had all the legal qualifications of a voter, except a domicil in Fall River, and that was the only question submittted to the jury by *Bigelow*, J., who reserved for the consideration of the full court the question whether a verdict for the plaintiff could be supported upon the following evidence :

The plaintiff had been a resident and voter in Fall River for ten years prior to the 6th of May 1853, and on that day removed with his family from Fall River, across the line of the State, into the town of Tiverton in the State of Rhode Island, a short distance from his former residence, and there continued to reside until June 1854, when he returned with his family to Fall River, where he has since resided ; and during the whole time his office and place of business continued in Fall River. At the time of his removal to Tiverton, the house in which he had been living had been sold by the owner to one who wished to occupy it himself ; it was somewhat difficult to obtain good tenements in Fall River for families of the number, ages and station in life of the plaintiff's ; and the plaintiff made unsuccessful efforts to find a house, before removing to Tiverton. On his removal to Tiverton, he gave notice to the selectmen of Fall River, and to the selectmen of Tiverton, that he was about to remove to Tiverton for a temporary purpose, and intended to retain his domicil in Fall River. At the meeting in Fall River in November 1853, he requested the defendants to restore his name to the

list of voters; furnished them with satisfactory evidence of his legal qualification as a voter in all respects except residence; and referred them to legal authorities upon the question of his right of suffrage, which the defendants thought did not support his claim.

*J. S. Brayton*, for the defendants.

*C. I. Reed*, for the plaintiff, cited *Sears* v. *Boston*, 1 Met. 250; *Blanchard* v. *Stearns*, 5 Met. 298; *Harvard College* v. *Gore*, 5 Pick. 370.

BIGELOW, J. It was conceded, at the trial of this cause, that the same evidence which was submitted to the jury, was offered by the plaintiff to the defendants, acting as selectmen of the town of Fall River, at the time he applied to them to have his name placed on the list of voters in November 1853. The case was therefore tried according to the rule laid down in *Blanchard* v. *Stearns*, 5 Met. 298. The only question which now arises upon this proof is, whether it sustains the claim of the plaintiff, that his legal domicil was in Fall River in the autumn of 1853, and that he had a right to vote there in the annual election of that year. We think it very clear that it does not. This case differs from any other which has heretofore come before this court, involving a question of domicil. Six months before the time when the plaintiff claimed a right to vote in Fall River, he had removed thence with his family and all his household goods to the town of Tiverton, and there hired a house, in which he lived. All the outward *indicia* of inhabitancy pointed to Tiverton as his place of residence. The whole case of the plaintiff therefore rested on the fact, that at the time of his removal he declared his intention to be to remain in Tiverton only temporarily, and to return to and retain his habitancy in Fall River. If this evidence be sufficient to sustain a claim of domicil, then it must follow that a mere naked declaration of intent to reside in a city or town from which a party has removed, without any proof of other facts with which such intent can be connected, is adequate proof of inhabitancy, under the Constitution and laws of this commonwealth. This cannot be so. It is true that, in cases where the domicil of a party is in issue,

evidence of his intent may have an important and decisive bearing on the question, but it must be in connection with other facts, to which the intent of the party gives efficacy and significance. Such is the case where a person has two dwelling houses in different towns, in each of which he lives with his family an equal portion of the year. *Harvard College* v. *Gore,* 5 Pick. 370. So, too, where a citizen leaves the country to be absent abroad for purposes of business or pleasure, for an indefinite period, still retaining his house and furniture in the place of his previous residence. *Sears* v. *Boston,* 1 Met. 250. But no case can be found where the domicil of a party has been made to depend on a bald intent, unaided by other proof. The *factum* and the *animus* must concur in order to establish a domicil. *Harvard College* v. *Gore,* 5 Pick. 370. The latter may be inferred from proof of the former. But evidence of a mere intent cannot establish the fact of domicil.

*New trial ordered.*