## WRIGHT v. SCHNEIDER.

(*Circuit Court, E. D. Missouri, E. D.* November 26, 1887.)

COURTS—FEDERAL JURISDICTION—CITIZENSHIP.

Plaintiff was born in New York, but removed to New Jersey, in 1868, where he married, in 1877, and continued to reside until the death of his wife in 1880. He then took his children to Scotland. On his return he located in New Jersey, and lived there, boarding, until 1884, when he went to St. Louis. His business was contracting for street work, and he secured many important contracts there for granite paving. He also formed a partnership with defendant for quarrying granite. He then closed out his business in New Jersey, and moved such of his machinery as he could not sell to St. Louis. After living there for two years, part of the time in a hotel and part with relatives, he sued defendant in the federal court for dissolution of partnership, alleging that he was a citizen of New Jersey. *Held,* that the facts set out established a residence in Missouri, and that they were not overcome by a secret purpose of plaintiff to return to New Jersey when his business in Missouri was concluded at some indefinite future period.

In Equity. On plea to jurisdiction.

*John M. Dickson,* for complainant.

*Hitchcock, Madill & Finkelnburg,* for defendant.

THAYER, J., (*orally.*) The case of John G. Wright against Philip W. Schneider is submitted on a plea to the jurisdiction.

Wright, the complainant, representing himself to be a citizen of the state of New Jersey, files a bill against Philip W. Schneider for the purpose of winding up a copartnership alleged to exist between the parties, and to secure an accounting as to copartnership transactions. The defendant, Schneider, files a plea to the effect that Wright is not a citizen of the state of New Jersey, but is a citizen of the state of Missouri; and that is the sole question to be determined. I have looked through the testimony bearing upon that issue, and the following facts may be said to be practically undisputed, that is to say: It appears that the defendant was born in the state of New York, and went to reside, as a single man, at Orange, in the state of New Jersey, in 1868, and continued to reside there until the year 1877. In the year 1877 he was married, and after his marriage he removed to Newark, New Jersey, and resided and kept house there for about three years, and until his wife died. Subsequently, in the year 1880, he took his two children to Scotland, and left them with relatives to be reared and educated. On his return to this country he located again at Orange, New Jersey, but from that time forward boarded at a hotel, and continued to board until he came to St. Louis, in the winter of 1884, or 1885—January, 1885, I think the testimony shows. During the entire period of his residence in New Jersey, the complainant's business appears to have been that of a contractor for street work, such as street paving, etc. Shortly after his arrival in St. Louis he took at least eight contracts for reconstructing streets with granite. The execution of the contracts would require a very considerable period of time, and, according to his own statements as contained in

v.32F.no.12—45

the bill of complaint, he also formed a copartnership with the defendant Schneider, for the purpose of working an extensive granite quarry in this state, and getting out granite blocks for building purposes and street reconstruction. The terms of the copartnership, as stated by the complainant himself, would imply that complainant intended to engage in business in this state permanently. A letter, which the complainant wrote shortly after the copartnership was formed, also fully warrants the inference that he had abandoned his residence in New Jersey, and intended to take up his abode in this state. Furthermore, after the partnership was formed, complainant closed up his business in New Jersey, sold what he could of his tools and machinery, and removed the residue to this state. He has since resided in this state, living a portion of the time with a relative, and a portion of the time at a hotel. For the two years preceding the filing of the bill of complaint, complainant does not appear to have maintained a residence elsewhere than in the state of Missouri.

In opposition to the facts above recited, we have the statement of the complainant that in point of fact it was not his purpose to give up his residence in New Jersey, that his residence in this state was merely temporary, and that he has always intended to return to New Jersey when his business enterprises in this state were concluded.

From the foregoing statement it is obvious that all of the complainant's visible acts for two years or more were indicative of an intention on his part to take up his abode in this state for a period of years. It also appears that his actual residence is in this state. These facts must prevail over any secret purpose which he may have entertained to return at some indefinite future time to New Jersey and make that state his home. The result is that the plea to jurisdiction will be sustained, and a decree will be entered dismissing the bill.