*Reported,* 30 Am. B. R. 120.

# IN THE MATTER OF THE APPLICATION OF KOICHI MAEKAWA FOR A WRIT OF HABEAS CORPUS.

## March 13, 1913.

1. *Domicil—Proof—Intent—Acts:* Mere evidence of intent is insufficient to prove domicil. Acts indicative of purpose are essential.

2. *Habeas corpus—Return—Conclusions—Facts:* The return to the writ of habeas corpus must be explicit as to the grounds of the detention. A statement of the conclusions of a board of special inquiry

without giving facts upon which such conclusions were based is insufficient.

3. *Same—Consideration of grounds of detention—Facts—Law—Bona fides—Jurisdiction:* While avoiding any retrial of the case on the facts the court must consider the facts as questions of law may be raised by them and also as to the genuineness and bona fides of the hearing, in order to ascertain whether the court has jurisdiction.

*Habeas Corpus*: Demurrer to return.

*J. Lightfoot* for petitioner.
*C. C. Bitting,* Assistant U. S. Attorney, for respondent.

DOLE, J. The petitioner is a Japanese alien, who alleges that he has been domiciled in the Territory of Hawaii from July 1906 to September 1908; and that he then returned to Japan on a visit intending to return to Hawaii, and did so return January 28, 1913, to the port of Honolulu, Hawaii, when he was refused a landing by the respondent.

The return to a writ of habeas corpus granted him upon his application directed to the respondent, states that upon his arrival he was examined as to his physical and mental condition and also as to his right to land as an alien domiciled in Hawaii, and that the board of special inquiry found, upon the certificate of the duly appointed officer of the United States marine hospital service, that the petitioner was afflicted with a dangerous contagious disease known as unciniarisis; and "also received and heard evidence as to whether or not the said" petitioner "had returned to Japan with the intention of returning to Hawaii;" and also whether he "had returned from Japan with the intention of permanently remaining in the United States;" and thereupon did determine that he "was an alien immigrant afflicted with a dangerous contagious disease," and that he "was not a *bona fide* resident of the Territory of Hawaii at the time of his return to Japan, and did not, on returning to Hawaii, intend to take up a permanent resi-

dence therein;" and thereupon ordered his deportation. The return further alleges that such decision had been sustained by the Secretary of Commerce and Labor on appeal to him by the petitioner.

The petitioner has demurred to the return on the general ground that the same is not sufficient in law to discharge the writ. In his argument on the demurrer, counsel for the petitioner laid special stress upon the failure of the return to state facts relative to the question of domicil of the petitioner in Hawaii.

As recited above, the return shows no facts pertaining to such question, but states conclusions, merely, of the board of special inquiry, which are, that he was an alien immigrant, was not a *bona fide* resident of Hawaii at the time of his return and did not on returning intend to take up a permanent residence therein. . The doubt as to the sufficiency of the return arising from the absence of facts is not lessened by the nature of the examination of the petitioner by the board of special inquiry as there set forth, substantially as follows: The board also received and heard evidence as to whether or not the said alien "had returned to Japan with the intention of returning to Hawaii;" and also whether he "had returned from Japan with the intention of permanently remaining in the United States."

[1] [2a] Something more than evidence of intent is necessary to prove domicil. If the board of special inquiry merely procured such testimony without seeking for testimony of acts indicative of purpose, its examination on this point was defective. The return exhibits nothing more than this and leaves the court without the means of passing on the sufficiency of such examination. "No case can be found where the domicil of a party has been made to depend on a bald intent, unaided by other proof. The *factum* and the *animus* must concur in order to establish a domicil." *Holmes v. Greene,* 73 Mass. 299, 301; *Wright v. Schneider,* 32 Fed. 705, 706; *Harvard College v. Gore,* 22 Mass. 369;

*Matter of Tsuru Tomimatsu,* ante p. 97.   In this partic-
ular the return is insufficient.

"The return should show and express a certain course of
commitment; and it is said in general that upon the return
of the writ of habeas corpus the cause of imprisonment
ought to appear as specifically and certainly to the judge
before whom it is returned as it did to the court or person
authorized to commit."   Church on Habeas Corpus, 2d ed.,
sec. 148, p. 225.

In *The King v. Lyme Regis,* Doug. 150, Justice Buller,
speaking of returns to mandamus in which he said the same
certainty was required as in returns to writs of habeas
corpus, says:

"It is one of the first principles of pleading that you have
only occasion to state facts; which must be done for the
purpose of informing the court whose duty it is to declare
the law arising upon those facts, and to apprise the oppo-
site party of what is meant to be proved in order to give
him an opportunity to answer or traverse it."   Hurd on
Habeas Corpus, 2d ed., p. 255.

" 'Minute correctness' is not required; but 'the facts
necessary to warrant the detention must in substance be
alleged.   They will not be presumed."   Hurd on Habeas
Corpus, 2d ed., pp. 256, 257.

[3] It would seem that the statutory provision that in
these cases the decision of the board of special inquiry, and,
if appealed from, that of the Secretary of Commerce and
Labor, shall be final, makes certainty and specificness in
the return even more important than in other habeas cor-
pus cases; for it is the somewhat delicate duty of the court,
while avoiding any retrial of the case on the facts, to con-
sider the facts as questions of law may be raised by them,
and also to consider them as to the genuineness and *bona
fides* of the hearing, and thus, with due precaution, to arrive
at a solution of the preliminary question,—whether the
court has jurisdiction.

"The decision of the department is final, but that is on

the presupposition that the decision was after a hearing in good faith, however summary in form. As between the substantive right of citizens to enter and of persons alleging themselves to be citizens to have a chance to prove their allegation on the one side and the conclusiveness of the commissioner's fiat on the other, when one or the other must give way, the latter must yield. In such a case something must be done, and it naturally falls to be done by the courts." *Chin Yow v. United States,* 208 U. S. 8, 12.

[2b] In order to do this duty fully, the return should be explicit. Church on Habeas Corpus, supra. This requirement is emphasized by the right of the court, formerly more in use than now, to require the production of the record of the hearing upon which the petitioner is detained. Church on Habeas Corpus, secs. 263, 264.

Under the foregoing considerations the demurrer is sustained.