## CHIN YOW v. UNITED STATES.

### APPEAL FROM THE DISTRICT COURT OF THE UNITED STATES FOR THE NORTHERN · DISTRICT OF CALIFORNIA.

No. 76.   Submitted December 13, 1907.—Decided January 6, 1908.

The conclusiveness of the decision of the Commissioner of Immigration, denying a person the right to enter the United States under the immigration laws, must give way to the right of a citizen to enter and also to the right of a person seeking to enter, and alleging that he is a citizen, to prove his citizenship, and it is for the courts to finally determine the rights of such person.

A Chinese person seeking to enter the United States and alleging citizenship is entitled to a fair hearing, and if, without a fair hearing or being allowed to call his witnesses, he is denied admission and delivered to the steamship company for deportation, he is imprisoned without the process of law to which he is entitled; and although he has not established his right to enter the country, the Federal court has jurisdiction to determine on *habeas corpus* whether he was denied a proper hearing and if so, to determine the merits; but unless and until it is proved that a proper hearing was denied the merits are not open. *United States* v. *Ju Toy*, 198 U. S. 253, distinguished.

Denial of a hearing by due process cannot be established merely by proving that the decision on the hearing that was had was wrong.

THE facts are stated in the opinion.

*Mr. Maxwell Evarts,* for appellant:

A United States District Court cannot refuse to grant a writ of *habeas corpus* upon a petition alleging that the applicant is a citizen of the United States, and asserting facts showing that he was ordered deported from his country by the arbitrary action of the immigration officers and the abuse of their discretion and powers.

Where, as in this case, the petitioner alleges facts which show an abuse of the power and discretion vested in the im-

migration officer who heard his case, and gives in his petition the names of a number of persons, who, as he alleges, could easily have shown conclusively that he was a citizen of the United States, and further states in his petition, that he was prevented by the immigration officer from producing these witnesses before him, and that his attorneys were not permitted to see and read the evidence which had been taken before the immigration officer upon the investigation of his case, then, in such a case, the rules laid down by this court in the case of *United States v. Ju Toy,* 198 U. S. 253, do not apply.

The privilege of the writ of *habeas corpus* cannot be denied to a man who insists that he is a citizen of the United States, and that he is excluded by the arbitrary action of, and the abuse of the powers and discretion reposed in, the immigration officers, and is to be deported from his country without an opportunity in the courts to show whether what he says with reference to an abuse of the discretion and power by the immigration officials is true.

The rights of a citizen are very different from the rights of an alien. *United States* v. *Wong Kim Ark,* 169 U. S. 649, 653.

*The Japanese Immigrant Case,* 189 U. S. 86, *Lem Moon Sing* v. *United States,* 158 U. S. 538, and *Fok Yong Yo* v. *United States,* 185 U. S. 296, and other immigration cases discussed and distinguished.

*Mr. Assistant Attorney General Cooley,* for appellee:

This court has no jurisdiction of the appeal herein. The lack of the certificate required by the act of March 3, 1891, c. 517, § 5, 26 Stat. 826, or some equivalent thereof, is fatal to the appeal. *Courtney* v. *Pradt,* 196 U. S. 89, 91, 92.

The petition does not expressly assert any right or privilege under the Constitution. Whatever may be sought to be implied, it certainly cannot be said that it appears from the petition, "by a statement in legal and logical form, such as is required in good pleading, that the suit is one which does

really and substantially involve a dispute or controversy as to a right which depends on the construction of the Constitution or some law or treaty of the United States." *Western Union Telegraph Co.* v. *Ann Arbor R. R. Co.*, 178 U. S. 244; *American Sugar Refining Co.* v. *New Orleans*, 181 U. S. 281; *Carey* v. *Houston and Texas Central Ry. Co.*, 150 U. S. 170, 181.

The constitutionality of the rules and regulations of the Secretary of Commerce and Labor, referred to in the petition, was upheld by this court in the cases of *United States* v. *Sing Tuck*, 194 U. S. 161, and *United States* v. *Ju Toy*, 198 U. S. 253. That is no longer an open question, and cannot be made the basis of an appeal to this court, even if it were properly raised.

The averment of the petition that, had the "petitioner been given opportunity to have an attorney, and to communicate with his friends and other persons, he could have produced abundant and overwhelming evidence to show that he was born in the United States, and remained within the United States, until 1904, when he departed to China on a temporary visit," was insufficient to show that he would have been able to prove that he was a citizen of the United States. Under the *Wong Kim Ark case*, 169 U. S. 649, 705, birth alone of a Chinese child in the United States is not sufficient to make him a citizen, but it must further appear that his parents at the time of his birth had a permanent domicil and residence in the United States and were not employed in any diplomatic or official capacity under the Chinese Government. The allegations of the petition do not meet these requirements.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is a petition for *habeas corpus* by a Chinese person, alleging that he is detained unlawfully by the General Manager of the Pacific Mail Steamship Company on the ground that he is not entitled to enter the United States. The petition alleges that the petitioner is a resident and citizen of the United

States, born in San Francisco of parents domiciled there, but it discloses that the Commissioner of Immigration at the port of San Francisco, after a hearing, denied his right to land, and that the Department of Commerce and Labor affirmed the decision on appeal. The petitioner thereupon was placed in custody of the steamship company to be sent to China. So far the case is within *United States* v. *Ju Toy,* 198 U. S. 253, and the petition was dismissed for want of jurisdiction (presumably on the ground of that decision), as sufficiently appears from the record, the reasons assigned for the appeal and the order allowing the same. But the petition further alleges that the petitioner was prevented by the officials of the Commissioner from obtaining testimony, including that of named witnesses, and that had he been given a proper opportunity he could have produced overwhelming evidence that he was born in the United States and remained there until 1904, when he departed to China on a temporary visit. We do not scrutinize the allegations as if they were contained in a criminal indictment before the court upon a special demurrer, but without further detail read them as importing that the petitioner arbitrarily was denied such a hearing and such an opportunity to prove his right to enter the country as the statute meant that he should have. The question is whether he is entitled to a writ of *habeas corpus* on such a case as that.

Of course if the writ is granted the first issue to be tried is the truth of the allegations last mentioned. If the petitioner was not denied a fair opportunity to produce the evidence that he desired, or a fair though summary hearing, the case can proceed no farther. Those facts are the foundation of the jurisdiction of the District Court, if it has any jurisdiction at all. It must not be supposed that the mere allegation of the facts opens the merits of the case, whether those facts are proved or not. And, by way of caution, we may add that jurisdiction would not be established simply by proving that the Commissioner and the Department of Commerce and

Labor did not accept certain sworn statements as true, even though no contrary or impeaching testimony was adduced. But, supposing that it could be shown to the satisfaction of the District Judge that the petitioner had been allowed nothing but the semblance of a hearing, as we assume to be alleged, the question is, we repeat, whether *habeas corpus* may not be used to give the petitioner the hearing that he has been denied.

The statutes purport to exclude aliens only. They create or recognize, for present purposes it does not matter which, the right of citizens outside the jurisdiction to return to the United States. If one alleging himself to be a citizen is not allowed a chance to establish his right in the mode provided by those statutes, although that mode is intended to be exclusive, the statutes cannot be taken to require him to be turned back without more. The decision of the Department is final, but that is on the presupposition that the decision was after a hearing in good faith, however summary in form. As between the substantive right of citizens to enter and of persons alleging themselves to be citizens' to have a chance to prove their allegation on the one side and the conclusiveness of the Commissioner's fiat on the other, when one or the other must give way, the latter must yield. In such a case something must be done, and it naturally falls to be done by the courts. In order to decide what we must analyze a little.

If we regard the petitioner, as in *Ju Toy's case* it was said that he should be regarded, as if he had been stopped and kept at the limit of our jurisdiction, 198 U. S. 263, still it would be difficult to say that he was not imprisoned, theoretically as well as practically, when to turn him back meant that he must get into a vessel against his wish and be carried to China. The case would not be that of a person simply prevented from going in one direction that he desired and had a right to take, all others being left open to him, a case in which the judges were not unanimous in *Bird* v. *Jones,* 7 Q. B. 742. But we need not speculate upon niceties. It is true that the petitioner gains no additional right of entrance by being allowed to pass the

frontier in custody for the determination of his case. But on the question whether he is wrongly imprisoned we must look at the actual facts. *De facto* he is locked up until carried out of the country against his will.

The petitioner then is imprisoned for deportation without the process of law to which he is given a right. *Habeas corpus* is the usual remedy for unlawful imprisonment. But on the other hand as yet the petitioner has not established his right to enter the country. He is imprisoned only to prevent his entry and an unconditional release would make the entry complete without the requisite proof. The courts must deal with the matter somehow, and there seems to be no way so convenient as a trial of the merits before the judge. If the petitioner proves his citizenship a longer restraint would be illegal. If he fails the order of deportation would remain in force.

We recur in closing to the caution stated at the beginning, and add that while it is not likely, it is possible that the officials misinterpreted Rule 6 as restricting the right to obtain witnesses which the petitioner desired to produce, or Rule 7, commented on in *United States* v. *Sing Tuck*, 194 U. S. 161, 169, 170, as giving them some control or choice as to the witnesses to be heard. But unless and until it is proved to the satisfaction of the judge that a hearing properly so called was denied, the merits of the case are not open, and, we may add, the denial of a hearing cannot be established by proving that the decision was wrong.

> *Order reversed.*
> *Writ of habeas corpus to issue.*

MR. JUSTICE BREWER concurs in the result.