## Ex parte CHIN HEN LOCK.

### (District Court, D. Vermont. November 2, 1909.)

HABEAS CORPUS (§ 23*)—EXCLUSION OF CHINESE—REVIEW OF DECISIONS OF IMMIGRATION OFFICERS.

Where an immigration inspector has made an order denying a Chinese person admission to the United States after a fair hearing in good faith, and his decision has been affirmed on appeal by the Secretary of Commerce and Labor it is conclusive, and will not be reviewed by the courts on habeas corpus; and a petition alleging that a fair trial was not given should set out facts in support thereof to warrant the granting of the writ in the first instance.

[Ed. Note.—For other cases, see Habeas Corpus, Cent. Dig. § 17; Dec. Dig. § 23.*]

In the matter of Chin Hen Lock. Hearing on writ of habeas corpus. Writ dismissed.

J. J. Walsh, for relator.
Alexander Dunnett, U. S. Atty., for defendant.

MARTIN, District Judge. The petition for the writ is made by John Walsh, Esq., a member of the Massachusetts bar, and alleges that he is authorized to act in behalf of Chin Hen Lock; that the said Chin Hen Lock is restrained of his liberty in the Detention House at Richford by Arthur L. Weeks, the inspector in charge; that the said Chin Hen Lock is imprisoned in said Detention House contrary to law, in that the said Chinaman is an American citizen by birth; that he has been a resident of the United States for 17 years, and that his right to be and remain in the United States was judicially determined by William A. Lord, United States commissioner for the district of Vermont, on September 21, 1897; that the said commissioner issued to the said Chinaman a certificate of discharge, which was duly

presented to the said Weeks; and that the said Weeks has no jurisdiction over said Chinese person. The petitioner further alleges that the said Chinaman—

"has been deprived of a full and fair hearing as to his right to enter, to be, and to remain in the United States, and said Weeks and the United States Commissioner of Immigration have unjustly and arbitrarily decided that the said Chin Hen Lock is an alien Chinese person and not entitled to enter the United States."

This matter came on for hearing at chambers, in Brattleboro, district of Vermont, October 25th, at 2:30 o'clock p. m. On motion, the United States district attorney for the district of Vermont, Hon. Alexander Dunnett, intervened on the part of the government, and the petitioner, Walsh, appeared for the relator; the said Chin Hen Lock being present. The only witness called by the relator was the said Arthur L. Weeks, who produced a copy of the record of the proceedings before him and of the proceedings on appeal before the Honorable Secretary of Commerce and Labor.

Counsel for the relator sought to cross-examine Mr. Weeks as to his reasons for denying the Chinese applicant admission into the United States. The district attorney objected to this line of inquiry, whereupon I ruled that the question before me was whether or not the Chinese applicant had had a fair trial before the inspector or before the Honorable Secretary of Commerce and Labor, and that all other evidence was excluded until that question was passed upon. To this ruling an exception was allowed. No other witness was called. No claim was made that any evidence was offered before the inspector that was not received.

The record shows that the Chinese applicant testified before the inspector that the seal of Commissioner Lord, covering a portion of the photograph attached to the certificate of discharge, which he then produced, was affixed at Montpelier by the commissioner at the time the certificate of discharge was issued by said Commissioner Lord, September 21, 1897, and that subsequent to the giving of this testimony the inspector made inquiry of ex-Commissioner Lord, who stated, under oath, that he was quite positive that the applicant's photograph was not so affixed by him to the certificate, and that he had no recollection of its ever having been done by him, whereupon the inspector further inquired of the applicant whether he was correct in his first statement as to his photograph being affixed at the time aforesaid. He at first adhered to his former testimony; but, upon being informed of ex-Commissioner Lord's testimony, he then said he would tell the truth, which was, in substance, that just prior to the taking of the Chinese census in Boston, in 1905, he got a certain Chinaman there to "fix it," and had his photograph attached, and paid that Chinaman $10 therefor. He was further inquired of whether he could give the name of any person in the United States who might be able to give the officers of the service information in regard to his claim of birth in the United States, to which he answered, "I don't know any one now." He was further asked:

"Can you give the name and address of any person, who is now in the United States, who knows anything at all about your claim that you were

tried and discharged at Montpelier, Vt.? A. No; I don't know any one. Q. Have you fully understood the interpreter? A. Yes, sir. Q. Do you desire to add to or change any statement that you have made? A. No, sir; nothing to be changed."

Upon all the evidence before him the inspector was of the opinion that the Chinese applicant was not the "Chin Hin Lark" who was tried and discharged by Commissioner Lord, that he was an alien, and not a member of the exempt class of Chinese persons, and therefore denied him admission into the United States, and so notified him, and also informed him of his right to an appeal. The record was made up and forwarded to the Commissioner of Immigration at Boston, Mass., for the inspection of the applicant's counsel, whereupon an appeal was prayed for, and, upon request of the applicant, Chin Wah Soon, of 18 Harrison avenue, Boston, Mass., was notified of the result of said hearing, and of the right of an appeal.

The inspector's opinion was filed August 21, 1909, and on the 25th the inspector received a letter reading as follows:

"We respectfully appeal from your decision in the case of Chin Hen Lock, serial No. 745, ex S/S Empress of China, Richford, Vt., July 30, 1909, in having been denied admission into the United States. We would request permission to examine evidence in this case, and would also suggest that you advise us where we can examine same.

"Will you also kindly inform us where we may submit any additional evidence that we may deem advisable to furnish, and to whom we shall submit our brief.

"We would also request an extension of time in which to furnish additional evidence and prepare our brief.

"[Signed]                                    Frank L. Roberts."

The inspector replied in part as follows:

"I beg to advise you that the evidence in this case will be forwarded to the Commissioner of Immigration, Long Wharf, Boston, Mass., in order that you may have access to and make copies of the testimony incident to your preparation of appeal. The Commissioner of Immigration has also been requested to examine any witness or witnesses and take charge of any additional evidence that you may desire to furnish. Your brief can be filed with the Commissioner at Boston for transmission with the complete record. * * * In compliance with your request, you are granted an extension of 10 days in which to furnish additional evidence and prepare your brief."

On the 30th of August the said Roberts wrote the inspector as follows:

"With further reference to case of Chin Hen Lock, serial No. 745, ex S/S Empress of China, Richford, July 30, I would respectfully request that, if it is in order, you advise me the reason why this applicant was rejected.

"I note that there was a photograph attached to William A. Lord's (U. S. Commissioner) certificate, and we will be glad to know if this photograph corresponds with the applicant."

The inspector replied as follows:

"Replying to your letter, dated August 30, 1909, which was not received until yesterday, in which you request to be advised the reason why your client, Chin Hen Lock, serial No. 745, ex S/S Empress of China, Richford, Vt., July 30, 1909, was rejected, I beg to advise you that from the evidence submitted before this office it is not shown that Chin Hen Lock has identified himself as the proper holder of the alleged order of discharge presented by him."

On September 1st the said Roberts wrote the inspector as follows:

"With further reference to the case of Chin Hen Lock, serial No. 745, ex S/S Empress of China. I respectfully request that the applicant be further examined. On page 22 of the evidence, the applicant states that he took his certificate of discharge to the store of S. Y. Tank Co., for the purpose of having his picture put on same. Will you kindly question the applicant as to where he was situated at that time, giving the street and number, and also if he knows of any one in the United States having actual knowledge of the certificate of discharge being in his possession at that time that picture was attached.

"I would also request that I may have a further extension of time in order to prepare my brief, as it will be impossible for us to secure return of above information and prepare my brief within the time given for that purpose."

The inspector's reply thereto reads as follows:

"I beg to acknowledge receipt of your letter of September 1, 1909, in which you request that Chin Hen Lock, serial No. 745, on appeal, ex S/S. Empress of China. Richford, Vt., July 30, 1909, be further examined relative to where the applicant resided at the time that he claimed to have taken his alleged order of discharge to the store of S. Y. Tank Co. for the purpose of having his picture put on same, and whether he knows of any one in the United States having knowledge of the said certificate being in his possession at that time.

"I beg to advise you that Chin Hen Lock, serial No. 745, was this day examined with reference to the above, and transcripts of said examination have been forwarded to the Commissioner of Immigration, Boston, Mass., for access by you.

"In compliance with your request for further extension of time in order to prepare your brief, you are advised that ten (10) days additional time is hereby granted. At the completion of this period it is expected that you will have had ample time to complete any evidence or documents that you desire to present in this case."

Pursuant to the statement in the letter of September 2d, copy of said further examination was forwarded to the Commissioner of Immigration at Boston, and on September 3d said Roberts wrote the inspector as follows:

"I am in receipt of your favors of the 2d inst. in reference to the case of Chin Hen Lock. serial No. 745, on appeal, ex S/S Empress of China, Richford, Vt., July 30, 1909, and have examined the testimony forwarded to the Chinese inspectors at this port, and note that my request for 10 days' additional time to prepare my brief has been granted, for which please accept my thanks.

"The additional evidence taken does not give us the information which we desire. The applicant, on page 22 in the evidence, speaks with reference to the Chinese census, and I would request that this applicant be further examined as to where he was at the time the census was taken, and if he had his certificate of discharge at that time, and if he was asked to produce same by the inspector. If the certificate was produced, we would request that you let us know who the inspector was, and if the photograph was attached to the certificate at that time.

"In my letter of August 30th it would appear that you have overlooked answering the last paragraph. in which I request that you state as to whether or not the photograph attached to the certificate of discharge corresponds with the applicant, as I am unable to see the applicant and am very anxious to receive this information.

"I would also request that you advise if the seal on the certificate of discharge. in your opinion, is the genuine seal of Lord, as we believe that you have in your possession a copy of impressions of Lord's seal."

On September 10th the inspector replied as follows:

"Replying to your letter dated September 3, 1909, which was not received at this office until September 6, 1909, requesting a further examination and

certain information regarding Chin Hen Lock, serial No. 745, on appeal, ex S/S. Empress of China, Richford, Vt., July 30, 1909, I beg to advise you that the record in this case has been referred to you for your preparation of an appeal. If you have any claims to make with regard to the genuineness of the alleged certificate presented by your client, or with relation to the truth of any of the statements therein contained, it is proper for you to set such claims forth in your brief or argument, or in any affidavits which you may desire to file on behalf of your client. Any additional evidence or statements which you may produce before me will be fully investigated before the record is finally forwarded to the Department, if they require investigation.

"In the meantime this office does not feel that it is justified in burdening the record with repeated further examinations of this applicant on isolated points involved in the case."

No affidavits or further evidence were furnished, either to the inspector or to the Secretary of Commerce and Labor. I am convinced, from this record, that the inspector not only acted in good faith, but exercised good judgment and was fully justified in his conclusions.

When the petition for writ of habeas corpus was first presented to me, there were no allegations as to the trial of the Chinese applicant before the inspector or the Honorable Secretary of Commerce and Labor, whereupon I declined the issuing of the writ. Later the present petition was presented. In it there was the allegation above quoted, which is in effect that the applicant has not had a fair trial. It is silent as to what was done, or left undone, that was unfair. Let it be understood that hereafter a petition for habeas corpus in like cases that does not spread before the court the facts upon which the charge of an unfair trial by the tribunal which Congress has created to try these cases is based will be denied. It is not the province of the district judge to try the facts upon which a Chinese immigrant claims the right to enter the United States. Congress has provided that all these facts are to be heard by the appropriate immigration officer—in this case it is Arthur L. Weeks, Esq.—and that his decision shall be final, except on an appeal to the Honorable Secretary of Commerce and Labor, and in that case his decision shall be final. It has been held by the Supreme Court that a hearing by that tribunal is due process of law. United States v. Ju Toy, 198 U. S. 253, 25 Sup. Ct. 644, 49 L. Ed. 1040.

Some of the judges of the Circuit Court of Appeals have stated that this decision has been somewhat modified by the Chin Yow Case, 208 U. S. 8, 28 Sup. Ct. 201, 52 L. Ed. 369. I do not so understand it. The Chin Yow Case simply holds that where an applicant claiming to be an American citizen by birth has had no trial, or the hearing before the inspector gave the applicant no "chance to establish his right" in the mode provided by the statutes, or his hearing was not conducted "in good faith, however summary," it is the duty of the courts to take jurisdiction; otherwise not. In the language of Justice Holmes, speaking for the Supreme Court in the Chin Yow Case:

"If the petitioner was not denied a fair opportunity to produce the evidence that he desired, or a fair, though summary, hearing, the case can proceed no farther. Those facts are the foundation of the jurisdiction of the District Court, if it has any jurisdiction at all."

And the opinion closes in this language:

"But unless and until it is proved to the satisfaction of the judge that a hearing, properly so called, was denied, the merits of the case are not open, and we may add the denial of a hearing cannot be established by proving that the decision was wrong."

The opinion in this case is entirely consistent with that in the Ju Toy Case, 198 U. S. 253, 25 Sup. Ct. 644, 49 L. Ed. 1040, and previous decisions of the Supreme Court on this question. The law seems to be plain enough as promulgated by the Supreme Court, and in expounding the law it is entirely useless to use any other language than that of Justice Holmes above quoted. Applying the principle that the district judges are not to interfere with the conduct of the immigration officer or the Honorable Secretary of Commerce and Labor in the performance of their statutory duty, where they have given the applicant a fair hearing, however they may have weighed and decided the facts, if they have acted in good faith, the judges should keep their hands off.

Upon hearing in this case it was charged by counsel for the relator that the inspector failed to re-examine the applicant to the full extent that he was asked to do. Whatever may have been the honest intention of counsel for the applicant, it seems quite apparent that the inspector was led to believe that re-examinations, procrastination, and delay were what counsel was striving or. Further inquiries as to where the applicant was, or to whom he showed his certificate of discharge, with his photograph on it, were unnecessary, in view of the fact that he had already stated fully and definitely to whom, when, and where he showed it, and that he had shown it to no one else, and had sworn twice that the photograph was affixed at the time of his hearing at Montpelier in September, 1897, and then admitted that it was not affixed until eight years later, and then not in his presence, thus admitting fraud and committing perjury.

It is further contended by counsel for the Chinese applicant that the appeal in this case was not considered by the Honorable Secretary of Commerce and Labor, but by some assistant. No evidence was offered to sustain that claim, except the record, which reads as follows:

"The department acknowledges the receipt, under cover of letter of the Commissioner of Immigration at Montreal, No. 10,417, dated September 29th last, of your letter of the 27th ultimo, transmitting record on appeal in the case of Chin Hen Lock, a Chinese applicant for admission at your port as a citizen of the United States by virtue of birth therein.

"After a careful consideration of all the evidence presented in this case, the department is of the opinion that the right of Chin Hen Lock to admission upon the status claimed has not been established. Your excluding decision is accordingly affirmed.

"Respectfully, [Signed] Ormsby McHarg, Acting Secretary."

I overrule this contention. Wherefore, it is ordered that the writ be dismissed, and the Chinese applicant remanded to the custody of Immigrant Officer Arthur L. Weeks, at Richford, Vt.