In the Matter of the Application of KOON KO and KOON HEEN for a Writ of *Habeas Corpus.*

### October 6, 1910.

*Chinese exclusion law—Finding of inspector of immigration conclusive:* The decision of an inspector of immigration, made after a fair hearing and, which was not appealed from, that a person of Chinese descent is not entitled to land, is final and conclusive.

*Same—Fair hearing, what is:* Under the facts set forth in the opinion, a hearing held to have been a fair one, and not the mere semblance of a hearing.

*Citizenship—Naturalization:* Hawaiian citizenship by naturalization did not extend to the non-resident minor children of the person so naturalized, nor were such children, while still non-resident, made citizens of the United States by the provision contained in section 4 of the organic act of Hawaii.

*Habeas Corpus.*

*Geo. A. Davis* and *C. F. Chillingworth,* Attorneys for Petitioners.

*R. W. Breckons,* U. S. Attorney, for the Respondent.

ROBERTSON, J. It is alleged in the petition, as amended, that the petitioners are the sons of Lum Sing, a citizen of the United States, who has been a permanent resident of Honolulu, Hawaii, for twenty-two years; that they arrived at Honolulu on the 28th day of August, 1910, and are desirous of landing; that they are lawfully entitled to enter by reason of being sons of a citizen of the United States; that they are now confined in prison and unlawfully restrained of their liberty and prevented from landing by Raymond C. Brown, United States inspector of immigration, and his deputies; that in the month of September they had a hearing before the inspector, to whom they

had made application to be allowed to land, and were prepared to prove by competent and satisfactory testimony that they were the sons of said Lum Sing and, therefore, entitled to land in Honolulu, but the said Raymond C. Brown arbitrarily, without jurisdiction, and without evidence that they were not entitled to land, refused to allow them to land, but detains them at the immigration station at Honolulu; that the said hearing was not a full and fair hearing, but only the semblance of a hearing; that petitioners were not allowed counsel at the hearing; that the hearing was not conducted in good faith by the inspector; that the mother of the petitioners was able to identify petitioners by certain birth marks upon their bodies, which marks, the inspector, on his attention being called to the matter after the hearing, found upon the bodies and expressed surprise thereat; that if petitioners had had the benefit of the advice of counsel at the hearing three additional witnesses could have been produced, and facts and circumstances could have been established which would have entitled them to land.

The writ was issued, and the respondent produced the bodies of the petitioners as directed.

Counsel for the respondent, on filing the return, stated that he desired to waive any objections that might have been raised as to the sufficiency of the allegations of the petition in order that a hearing might be had on the question whether the hearing had before the inspector was a fair one or only the semblance of a hearing.

It is alleged in the return (as amended) that the petitioners are persons of Chinese descent; that upon their application to enter the United States the respondent duly and regularly determined, after a full hearing had in the manner required by the Constitution and laws of the United States, and the regulations of the Department of Commerce and Labor, that the petitioners had no right to land in the United States and that they should be returned to the country whence they came; that the hearing was full and fair and not the semblance of a hearing; that the petitioners made no request to be permitted counsel,

although had such request been made it would not have been granted; that full opportunity was afforded to the petitioners to call all witnesses they desired, and they were permitted to secure the testimony of all witnesses named by them; and that the petitioners were duly notified of their right to appeal from the decision of the inspector to the Department of Commerce and Labor at Washington, and that no such appeal was taken.

Evidence was taken as to the nature of the proceeding had before the inspector and a transcript of the testimony taken in that proceeding was filed in evidence.

It was shown that both of the petitioners were examined by the inspector at considerable length, as were also Lum Sing and his wife, the alleged parents of the petitioners. The other witnesses who testified were Choy Yau Hook, a passenger on the same steamer on which the petitioners came; Lum Moy, a daughter of Lum Sing; Lum Mook, who claimed to be a cousin of the petitioners; and Young Nin and Chong Mee Hing, who testified to the long residence of Lum Sing in Honolulu and his claiming to have been a naturalized citizen of the Kingdom of Hawaii.

Although the examinations of the witnesses were probably not as full as they would have been if the applicants had had the assistance of counsel, they were quite as full as could be expected under the procedure prescribed by the regulations of the Department of Commerce and Labor.

An inspector is not bound to search for or summon other witnesses than those produced by the applicant for admission.

There is no showing of any unfairness on the part of the inspector. He heard and considered all the evidence that was offered. The contention that the hearing was only the semblance of a hearing is not sustained by the showing made in this court.

It appears that after the decision of the inspector was made known, counsel appeared for the applicants and made a request for a rehearing which was denied. Assuming that the inspector might have, in his discretion, granted a rehearing or taken fur-

ther testimony, his refusal to do so cannot be regarded as arbitrary or necessarily unfair.

The inspector held that the applicants were not entitled to land because he was not satisfied from the evidence either that Lum Sing, the alleged father, was the person to whom the certificate of naturalization, which was produced, was originally issued, or that the applicants are his sons. Whether or not he took a correct view of the testimony is a matter with which this court has nothing to do. See *In re Su Yen Hoon,* decided by this court September 10, 1910 (Ante p. 606). The inspector seemed to consider that if it had been clearly established that Lum Sing was the father of the applicants and that he was a naturalized citizen of Hawaii, he must have ruled in favor of the claim of the right to land. And counsel for the petitioners, who cite the case of *Chin Yow v. United States,* 208 U. S. 8, seem to assume that this is an analogous case to that.

It is to be noted, however, that the petitioners do not allege that they are citizens, the allegation being that they are "the lawfully begotten sons of a citizen of the United States of America."

The testimony taken before the inspector shows that one of the petitioners is twenty-seven years of age, and the other twenty-two. Lum Sing testified that he has resided in Hawaii twenty-two years; he claimed that he became a naturalized citizen of the kingdom on August 3rd, 1892, and produced a certificate of naturalization bearing that date. The petitioners were born in China, and have resided there ever since. They were never in Hawaii before. They are both *sui juris.*

It is clear, therefore, that, even if Lum Sing was naturalized as he claims to have been, and if the petitioners are in fact his sons, they are not citizens of the United States. They were never citizens of the Kingdom of Hawaii, for there was no provision in the law under which Lum Sing claims to have been naturalized by which Hawaiian citizenship acquired by naturalization could have extended to non-resident alien children.

Nor were the petitioners made citizens by the terms of sec-

tion 4 of the organic act (31 Stat. L. 141) which provided, " That all persons who were citizens of the Republic of Hawaii on August twelfth, eighteen hundred and ninety-eight, are hereby declared to be citizens of the United States and citizens of the Territory of Hawaii."

It is not contended that the petitioners have any right to enter the United States as persons of any exempt class under the provisions of the Chinese exclusion acts.

The writ is dismissed and the petitioners are remanded to the custody of the respondent.