Ex parte PETKOS.

(District Court, D. Massachusetts. April 18, 1913.)

No. 736.

1. ALIENS (§ 54*)—RIGHT TO ENTER—IMMIGRATION AUTHORITIES—DETERMINATION—APPEAL.

Jurisdiction of the immigration authorities to determine the right of aliens to enter the United States is exclusive and final; their decisions not being reviewable by the federal courts unless it appears either that the alien has not been accorded a fair hearing, or that the action of the authorities has been arbitrary or that discretion has been abused.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. § 112; Dec. Dig. § 54.*]

2. ALIENS (§ 54*)—RIGHT TO ENTER—"FAIR HEARING."

Fair hearing of an alien's right to enter the United States means a hearing before the immigration officers in accordance with the fundamental principles that inhere in due process of law, and implies that the alien shall not only have a fair opportunity to present evidence in his favor, but shall be apprised of the evidence against him, so that at the conclusion of the hearing he may be in a position to know all of the evidence on which the matter is to be decided; it being not enough that the immigration officials meant to be fair.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. § 112; Dec. Dig. § 54.*]

3. HABEAS CORPUS (§ 23*)—RIGHT TO ENTER—DECISION—FAIR HEARING.

Relator, an alien, was denied right to enter the United States and ordered deported because he was afflicted with psoriasis, a skin disease which the immigration tribunals decided "as a matter of common knowledge" caused an odor so offensive as to make the sufferer obnoxious to persons about him. These authorities in fact had no actual knowledge of the character of the disease, which in fact is the commonest form of skin disease, attended with no odor and characterized by whitish scales on the skin, which, except in rare cases, do not appear on exposed parts of the body and which does not interfere with the sufferer's ability to labor. Relator was never apprised of the evidence on which he was to be deported and was afforded no opportunity to rebut the same. Held, that he was not accorded a fair hearing before the immigration authorities, and was entitled to habeas corpus and to have a hearing on the merits before the court.

[Ed. Note.—For other cases, see Habeas Corpus, Cent. Dig. § 17; Dec. Dig. § 23.*]

Habeas corpus on petition of Felix Petkos to obtain relator's release from custody under deportation warrant. Writ granted.

Edward P. Barry, of Boston, Mass., and John R. McHugh, of Boston, Mass., for petitioner.

William H. Garland, Asst. U. S. Atty., of Boston, Mass., for respondent.

---

MORTON, District Judge. This is a petition for writ of habeas ·corpus, whereby the petitioner, an alien immigrant, seeks to secure his discharge from the custody of the immigration officials at the port of Boston, by whom he is now detained for deportation. The order for ·deportation was made in the first instance by a Board of Special Inquiry, upon the grounds that:

The petitioner was afflicted with "psoriasis, a chronic noncommunicable skin disease which will cause him to seek treatment from time to time;" that "it is a well-known fact among laymen that the odor of this particular disease is at times so annoying that, it would seem to the Board, it would be very difficult for him to get employment in a place where there may be men working in close proximity to him. We therefore considering all the facts and circumstances surrounding this case, vote to exclude him, first, as likely to become a public charge, and, second, as being afflicted with a physical defect which will affect his ability to earn a living."

The decision of the Revisory Board was:

"Previous decision sustained for previous reasons, except it is the opinion the appearance of the disease rather than the odor will be offensive."

The petitioner then appealed to the Secretary of Commerce and Labor, by whom the order of deportation was affirmed, apparently upon the findings of the subordinate boards. No evidence was submitted to the immigration authorities as to the characteristics of psoriasis or its effect upon a person's ability to earn a living.

The petitioner offered testimony at the hearing on this petition that psoriasis is the commonest form of skin disease, constituting one-third of all skin diseases; that it is attended with no odor and is characterized by whitish scales on the skin; that, except in rare cases, it does not appear on the exposed part of the body, such as the face or hands; and that, so far as known to the medical witness who testified for the petitioner, and whose experience covered five or six hundred ·cases, it never disables a person from working. This testimony was not controverted, and the facts appear to be in accordance therewith.

The petitioner does not contend that the hearing before the immigration officials was conducted in an unfair manner, or that he was not accorded an adequate opportunity to present such evidence as he ·desired, nor does he deny that he is afflicted with psoriasis. He insists that the disease cannot in any way affect his ability to earn a living, and that the record returned here by the Immigration Commissioner shows that both the Board of Special Inquiry and the Revisory Board based their conclusions to the contrary on arbitrary and erroneous assumptions as to facts, not within their knowledge, and of which there was no evidence whatever.

[1] Congress has created a special set of tribunals to hear and determine all questions relating to the admission of immigrants. The jurisdiction of these tribunals is, within their province, exclusive and final. No appeal from them lies to the United States courts. The law courts have undertaken to re-examine proceedings in immigration ·cases sufficiently to make certain that the person whose deportation has been ordered received a "fair hearing," that the action of the immigration officials was not "arbitrary," and that they did not abuse the ·discretionary powers vested in them; but that is all. Whether in a

given case the evidence warrants an order of deportation is a matter as to which the responsibility rests entirely with the immigration tribunals. Their findings in that respect cannot be reviewed or set aside by courts of law, unless so entirely unsupported by evidence as to be not merely wrong but unreasonable, and to constitute an abuse of discretion and a denial of due process of law·

"If the petitioner was not denied a fair opportunity to produce the evidence that he desired, or a fair though summary hearing, the case can proceed no further. Those facts are the foundation of the jurisdiction of the District Court, if it has any jurisdiction at all." Holmes, J., Chin Yow v. United States, 208 U. S. 8, 28 Sup. Ct. 201, 52 L. Ed. 369.

In United States v. Ju Toy, 198 U. S. 253, 25 Sup. Ct. 644, 49 L. Ed. 1040, it was held that the petition of an excluded immigrant for a writ of habeas corpus which did not allege any "abuse of authority" by the immigration officials was, on its face, insufficient, even though it alleged that the petitioner was a citizen of the United States.

"The denial of a fair hearing is the only foundation for any jurisdiction in this court to interfere on habeas corpus." Dodge, J., in Re Jem Yuen, 188 Fed. 351.

"But this court has never held, nor must we now be understood as holding, that administrative officers, when executing provisions of a statute involving the liberty of persons, may disregard the fundamental principles that inhere 'in due process of law' as understood at the time of the adoption of the Constitution." Harlan, J., Japanese Immigrant Case, 189 U. S. 86, at page 100, 23 Sup. Ct. 611, at page 614 (47 L. Ed. 721).

[2] Under these decisions, the petitioner was entitled to a "fair hearing," in accordance with "the fundamental principles that inhere 'in due process of law.' " Has he received one? I see no reason to doubt that the immigration officials meant to be fair; but that, it seems to me, is not enough. No case has been called to my attention in which it has been decided that intentional unfairness must be shown in order to entitle the petitioner to relief. A hearing may in fact be unfair without any intention that it shall be so. A "fair hearing" implies that a party concerned shall not only have an opportunity to present evidence in his favor (which was fully accorded in this instance), but also that he shall be apprised of the evidence against him, so that at the conclusion of the hearing he may be in a position to know all the evidence on which the matter is to be decided.

[3] In this case the immigration tribunals decided "as matter of common knowledge," in the first instance, that psoriasis causes an odor so offensive as to make the sufferer obnoxious to persons about him, whereas in fact it appears to have no odor at all; and, in the second instance, that, although the disease has no odor, its appearance would be so repulsive as to interfere with the petitioner's ability to get work, whereas in fact the disease rarely shows itself on the exposed parts of the body.

There was here no conflict of evidence, as in the cases cited for the respondent; nor did the inspectors base their action on the appearance of the immigrant, as in Nishimura Ekiu v. United States, 142 U. S. 651, 660, 12 Sup. Ct. 336, 35 L. Ed. 1146. They acted on their own mistaken assumption that they knew about a matter, of which there .

was no evidence, and which appears to have been beyond their knowledge. Whether this is called an "abuse of discretion," or an "unreasonable conclusion," or "arbitrary conduct," it was plainly unfair and injurious to the petitioner. He could not foresee that the immigration officials would assume to be familiar with the characteristics of psoriasis, still less that their assumption of knowledge would lead them into such fundamental errors concerning it as appear in their findings, and to a conclusion, apparently erroneous, and certainly unsupported by any evidence. He was never apprised of the evidence on which he is to be deported and has had no opportunity to meet it. It is not that the decision was wrong, but that it was reached by wrong methods, and, as it seems to me, in disregard of fundamental principles.

I find and rule that the petitioner has not had a fair hearing before the immigration authorities; that under the rule laid down in Chin Yow v. United States, supra, the jurisdiction of this court has attached; that the writ of habeas corpus must issue; and that there must be a hearing on the merits before this court.

So ordered.