# IN THE MATTER OF THE APPLICATION OF JIRO MIYAGUSUKU FOR A WRIT OF HABEAS CORPUS.

## August 12, 1913.

1. *Alien—Admission to the United States—Domicil:*   Where an alien who has formerly resided in the United States and having been absent on a prolonged visit to his own country, seeks again to enter the United States and is found to be afflicted with a "dangerous contagious" disease, the first question for the immigration officers to consider is whether or not the applicant had previously during his first visit acquired a domicil in the United States. If they should find that

he had, the next question to be considered would be whether such domicil had continued or had been terminated by abandonment or by the acquisition of another domicil.

1. *Same—Same—Hearing:*  At such hearings where the applicant for admission is not allowed the active assistance of counsel, it is due the applicant that the immigration officers shall by questioning draw out and give him the benefit of his own knowledge bearing upon the matter at issue.

*Habeas Corpus:*  Motion to discharge petitioner, and Demurrer to return.

*J. Lightfoot* for petitioner.
*C. C. Bitting,* Assistant U. S. Attorney, for respondent.

DOLE, J.    It appears from the petition and the respondent's return that the petitioner first came to Hawaii on May 7, 1907, and located in Ookala, Island of Hawaii, where he remained six months and then moved to Kohala on the same island where he remained two years and about one month, then returning to Japan he remained there working on his own land as a farm laborer for about three years, and then came to Hawaii, bringing with him his wife and daughter, the latter being eighteen years old.

The board of special inquiry at the port of Honolulu, after investigation, found, upon the certificate of the medical inspector, that he was afflicted with unciniarisis (hook worm), a "dangerous contagious disease;" that he was an alien imigrant and that he should be deported to Japan, which decision as to his status as an alien immigrant and deportation, was sustained upon his appeal to the Secretary of Commerce and Labor.

A writ of habeas corpus directed to the inspector in charge was issued upon his petition therefor and he was brought into court.    The return of the respondent contained a report of the proceedings before the board of special inquiry, including a copy of the written testimony.    This

return was demurred to by petitioner as insufficient. He also filed a traverse to the return, to the effect that the examination of petitioner by the officers of the marine hospital service, was incomplete and not in accordance with the immigration laws; that he was not afflicted with unciniarisis; that unciniarisis is not a dangerous contagious disease within the meaning of the immigration laws; that the examination by the board of special inquiry of petitioner's status on the question of whether he was an immigrant or a domiciled alien, was unfair and incomplete and that a fair and complete examination would have shown that he had established a domicil in Hawaii and that the same had remained unchanged. A motion was filed to discharge the petitioner from custody, based on the pleadings and the decision of this court in the matter of *Ryuzo Higa,* ante, p. 233.

[1] It appears from the return that, beyond ascertaining the length and location of petitioner's former residence here, the board of special inquiry made no effort to obtain information from the petitioner or any one bearing upon the question of his domicil. In such cases the board of special inquiry appears more keen to obtain from candidates for admission, an expression as to their present plans of remaining here, than to gather information as to their previous residence,—their acts and their intentions as relating to their settlement here bearing on the question of domicil. The first question for the board to consider is, whether or not the applicant for permission to land has previously acquired a domicil in Hawaii and if they should find that he had so acquired a domicil the next question is whether such domicil has continued, or has been terminated by abandonment and the acquisition of another domicil.

[2] It is not to be expected that these people as ignorant of the law of domicil as other laymen, will be able to conduct their own cases before the board of special inquiry without the active assistance of counsel, which they are not

allowed under the statute.   Something is due them from the board in the way of assistance.   At the least, the board should as a matter of simple justice, by questioning, give them the benefit of their own knowledge bearing on the issue.   This has not been done in this case.   The petitioner cannot be said to have had the benefit of a fair hearing before the board.   The motion for the discharge of the petitioner cannot, however, be granted at the present stage of the proceeding, as there is no showing in the record that he had previously acquired a domicil in Hawaii.   Under the authority of *Chin Yow v. United States,* 208 U. S. 8, 12-13, cited by this court in the case of *Young Chow Yee,* ante, p. 238, the court will hear testimony on the question of domicil, which under the circumstances, as above outlined, is the only issue in which this court has jurisdiction.

NOTE:   On a subsequent hearing on the question of domicil, petitioner was admitted September 17, 1913.

*Overruled,* as to holding that the Immigration Act does not not apply to domiciled aliens: *Lapina v. Williams,* 232 U. S. 78.