## UNITED STATES v. PETKOS.

.(Circuit Court of Appeals, First Circuit.   June 24, 1914.)

### No. 1038.

HABEAS CORPUS (§ 111*)—DETENTION AND EXCLUSION OF IMMIGRANTS—PRO- . CEEDINGS AND REVIEW—DISCHARGE.

Questions of fact as to the admissibility of an alien immigrant under Act Feb. 20, 1907, c. 1134, § 2, 34 Stat. 898, as amended by Act March 26, 1910, c. 128, § 1, 36 Stat. 263 (U. S. Comp. St. Supp. 1911, p. 500), are to be determined by the immigration officers and not by the courts, and, when a court in habeas corpus proceedings has found that the petitioner has been ordered excluded without having been given a fair hearing on such a question, while it cannot reverse the decision and remand the case, it may and should make its order of discharge conditional, to become effective only in case the examining board fails to give the petitioner another and a fair hearing on competent evidence within a reasonable time.

[Ed. Note.—For other cases, see Habeas Corpus, Cent. Dig. § 100; Dec. Dig. § 111.*]

Appeal from the District Court of the United States for the District   .
of Massachusetts; Jas. M. Morton, Judge.

Habeas corpus by Felix Petkos.   From an order discharging petition-  ·
er, the United States appeals.   Reversed.

For opinion below, see 212 Fed. 275.                          .

.  Asa P. French, U. S. Atty., of Boston, Mass. (William C. Matthews, Special Asst. U. S. Atty., of Boston, Mass., on the brief), for the United States.

Thomas E. Flanagan, of Boston, Mass., for appellee.

Before PUTNAM, DODGE, and BINGHAM, Circuit Judges.

DODGE, Circuit Judge.   As the result of their hearings on February 8 and 10, 1913, the immigration officers at Boston voted on the latter date to exclude Petkos, "(1) as likely to become a public charge, and (2) as being afflicted with a physical defect which will affect his ability to earn a living."   On appeal to the Secretary of Commerce and Labor, this decision was affirmed March 8, 1913, and an order of deportation issued.

Under section 2 of the Immigration Act as amended March 26, 1910 (36 Stat. 263), the second of these findings could have been made only upon a certificate to that effect by the examining surgeon.   There was no such certificate then before the examining board.   In the only medical certificate then before them, dated February 8, 1913, the examining surgeon had certified nothing more than that Petkos "had psoriasis, a chronic noncommunicable skin disease, which will cause

him to seek treatment from time to time." He had not certified that the disease would in any way affect the alien's ability to earn a living.

The record submitted to us consists only of the Immigration Commissioner's record, filed in the District Court March 18, 1913, the day the hearing on the order to show cause issued on Petkos' petition for a writ of habeas corpus. But the opinion of the learned judge of the District Court distinctly states that at the hearing on this order to show cause the petitioner offered uncontradicted testimony as to the nature and probable effects of Petkos' disease. Except as its substance is given in the opinion, this evidence is not before us. The record does not show who the witnesses who testified were, nor what the testimony of each was.

There is also reason to doubt whether the Immigration Commissioner's record, which is all that there is before us, really contains all the proceedings before the immigration officers. It shows that after Petkos had appealed from the excluding decision on February 11th, and after a letter from the examining surgeon, dated February 16th, had been forwarded in compliance with a request for further information made by the secretary to whom the appeal lay, the secretary granted a request by Petkos, made February 19th, "for permission to have a competent physician make an examination" of him. There is nothing in the record to show whether this examination was made and its result communicated to the secretary before he affirmed the excluding decision on March 8th, or whether Petkos failed to avail himself of the permission granted, so that the secretary acted in view of such failure.

The Immigration Commissioner's record, however, does show that the first of their findings above stated, viz., that Petkos was likely to become a public charge, was founded upon their mistaken assumption, unsupported by any lawful evidence, that his disease necessarily affected his ability to earn a living. In their decision of February 10th, they held it "a well-known fact among laymen that the odor of this particular disease at times is so annoying" as to make it difficult to get employment where other men might be working in close proximity to him. At a rehearing on February 11th, they affirmed their excluding decision "for previous reasons except it is the opinion the appearance of the disease rather than the odor will be offensive." If at the hearing on the petition for the writ it appeared without contradiction, as the court found, that the disease is attended with no odor, does not appear on exposed parts of the body save in rare cases, and does not disable the person afflicted by it from working, we think it might properly be said that the above erroneous assumptions, made in the absence of the statutory certificate referred to, had prevented a fair hearing by the immigration officers. We are therefore unable to find sufficient ground in the record before us for holding that the District Court erred in issuing the writ. The petition for the writ did not, it is true, allege any failure to give a fair hearing. But this objection does not appear to have been raised before the District Court in opposition to the issuance of the writ, and we cannot regard it as now available to the appellant.

In ordering the writ to issue on April 18, 1913, the District Court directed that there be a hearing before it on the merits. On April 26th, the District Court ordered that Petkos be released from custody, reciting that the cause had been set down for hearing and fully heard by the court. No opinion accompanied this order. The return on the writ showed that Petkos was produced in court as directed. Except that Petkos was personally present, the hearing on the merits, so far as is disclosed by the record before us, was upon the same evidence as was before the court at the hearing on the issue of the writ, without more, i. e., the record of the Immigration Commissioner. But, as above explained, it is difficult to believe that this was all the evidence upon which the court acted, either in issuing the writ or in ordering Petkos' discharge.

If the District Court was right in trying on its merits the question of fact whether or not Petkos was likely to become a public charge, we find nothing in the record which will justify us in reversing its result.

But, under the Immigration Act, the question was one which ought to have been decided, not by the District Court, but by the immigration officers after a fair hearing; and, as has repeatedly been held, their decision upon such a question is not to be reviewed by the court on habeas corpus. If, when a question of citizenship is involved, the District Court may properly undertake to determine the alien's right to enter the country, as in Chin Yow v. U. S., 208 U. S. 8, 28 Sup. Ct. 201, 52 L. Ed. 369, it does not follow that when, as here, citizenship is not claimed and only a question of fact is involved, the alien is entitled to have the District Court determine, instead of those officers, whether or not he belongs to a class excluded by statute. Clearly the District Court ought not to assume their duties unless no other course can reasonably be taken; and no such situation is created by the mere fact that they have once undertaken to act upon a hearing which the court could not consider fair. If the court, not having power to reverse decisions of the immigration officers, had no power to remand the case to them, it did have the power to make its order of discharge not final but conditional, and to be effective only in case those officers should fail to give the alien the fair hearing on lawful evidence required by the Immigration Act within a reasonable time. We think this course should have been adopted as the one best calculated to secure proper administration of the legislative provisions applicable.

The judgment of the District Court is reversed, and the case is remanded to that court for further proceedings in accordance with this opinion.