CHU TAI NGAN v. BACKUS, Immigration Com'r, et al*

(Circuit Court of Appeals, Ninth Circuit. October 4, 1915.)

No. 2561

ALIENS ☞54—DEPORTATION—SUFFICIENCY OF EVIDENCE.

Evidence on appeal from an order for appellant's deportation *held* to warrant the finding of the Immigration Department that she was a prostitute, and was found an inmate of a house of prostitution and prac-·ticing prostitution subsequent to her entry into the United States.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. § 112; Dec. Dig. ☞54.

What Chinese persons are excluded from the United States, see note to Wong You v. United States, 104 C. C. A. 538.]

Appeal from the District Court of the United States for the First Division of the Northern District of California; Maurice T. Dooling, Judge.

Habeas corpus by Chu Tai Ngan against Samuel W. Backus, as Commissioner of Immigration at the Port of San Francisco, and the United States, to review an order directing her deportation. Writ dismissed, and she appeals. Affirmed.

Catlin, Catlin & Friedman, all of San Francisco, Cal., for appellant.

John W. Preston, U. S. Atty., and Walter E. Hettman, Asst. U. S. Atty., both of San Francisco, Cal., for appellees.

Before GILBERT and ROSS, Circuit Judges, and RUDKIN, District Judge.

RUDKIN, District Judge. The appellant, Chu Tai Ngan, an alien woman, is held under a warrant of deportation issued by the Acting Secretary of Commerce and Labor on the 30th day of December, 1912, reciting:

"That the alien Jee Dai Ngan, alias Chu Tai Ngan, or Chue Tai Ngan, who landed at the port of San Francisco, Cal., ex S/S Nippon Maru, on the 17th day of June, 1910, has been found in the United States in violation of the act of Congress approved February 20, 1907, amended by the act approved March 26, 1910, to wit: That the said alien is a prostitute, and has been found an inmate of a house of prostitution and practicing prostitution subsequent to her entry into the United States, and may be deported in accordance therewith"

—and directing that she be returned to the country whence she came at the expense of the steamship company importing her. The court below denied a writ of habeas corpus applied for in her behalf, and from the order denying the writ the present appeal is prosecuted.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

*Rehearing denied November 8, 1915.

The sole question presented by the appeal is the sufficiency of the testimony taken at the hearing before the immigrant inspector to warrant the finding that the appellant is a prostitute, and was found an inmate of a house of prostitution and practicing prostitution subsequent to her entry into the United States. It appears from the testimony of a police officer of the city of San Francisco that certain premises located over a store at 921 Grant street in Chinatown, which also have an entrance leading from St. Louis alley, had the general reputation of being a house of prostitution, and was such on the 22d day of March, 1912; that on that date the officer received information that certain Chinese alien women were held in said premises by certain Highbinder societies who were at that time engaged in a Highbinder war; that acting on this information the officer visited the premises and found the appellant there, who gave her name as Di Ung, age 21, native of China, no occupation; that the appellant was then placed under arrest, charged with being an inmate of a house of prostitution, and gave cash bail in the sum of $50 for her appearance in the police court to answer to that charge; that when her case was called for trial she failed to appear, and forfeited her bail, for the reason, assigned by her counsel, that she feared the immigration officers would catch her. We think this testimony was sufficient to warrant the finding made by the department charged with the administration of the immigration laws, and there our inquiry must stop. United States v. Ju Toy, 198 U. S. 253, 25 Sup. Ct. 644, 49 L. Ed. 1040; Chin Yow v. United States, 208 U. S. 8, 28 Sup. Ct. 201, 52 L. Ed. 369; Tang Tun v. Edsell, 223 U. S. 673, 32 Sup. Ct. 359, 56 L. Ed. 606; Low Wah Suey v. Backus, 225 U. S. 460, 468, 32 Sup. Ct. 734, 56 L. Ed. 1165.

Judgment affirmed.