### SCHENCK ex rel. WONG TIN v. WARD, Com'r of Immigration.

### No. 3355.

Circuit Court of Appeals, First Circuit.

March 2, 1939.

John W. Schenck, of Boston, Mass., for appellant.

Alfred G. Malagodi, Asst. U. S. Atty., of Boston, Mass. (John A. Canavan, U. S. Atty., of Boston, Mass., on the brief), for appellee.

Before BINGHAM and WILSON, Circuit Judges, and FORD, District Judge.

PER CURIAM.

This is an appeal from an order of the District Court of Massachusetts dismissing a petition for a writ of habeas corpus in the case of Wong Tin (Hen) seeking admission to the United States as a foreign-born son of Wong Wing, an American born citizen, under the provisions of R.S. § 1993, 8 U.S.C.A. § 6.

The citizenship of the alleged father of the petitioner, Wong Wing, is conceded.

The petitioner's claim of right to be admitted to this country has been heard and considered by the Board of Special Inquiry on two separate occasions. On each occasion this applicant's right to admission was denied and his deportation ordered.

After each hearing and order of deportation, a petition for a writ of habeas corpus was filed in the District Court and each petition was dismissed and the writ in each instance was denied.

The only issue is one of law: Was the applicant deprived of a fair and impartial hearing within the meaning of the United States Constitution and did the facts found by the Board on which the orders of deportation were based have any substantial evidence to support them? Chin Yow v. United States, 208 U.S. 8, 28 S.Ct. 201, 52 L.Ed. 369.

The burden is on the applicant to satisfy the immigration officials, the several Boards who heard the evidence, and the Secretary of Labor that he is the person known as Wong Tin and the son of the American citizen, Wong Wing. White, Commissioner v. Chan Wy Sheung, 9 Cir., 270 F. 764.

There is no evidence that the applicant was not accorded a full and impartial hearing. His case, after a hearing and an order of deportation was issued and a petition for habeas corpus was dismissed, was reopened to hear additional testimony, and a second order of deportation was issued, a second petition for habeas corpus was dismissed, and the writ denied and this appeal taken.

There were many discrepancies appearing in the evidence of the witnesses for the appellant. The several Boards who saw and heard the witnesses for the applicant were not satisfied that the applicant was the son of Wong Wing. U. S. ex rel.

Vajtauer v. Commissioner, 273 U.S. 103, 47 S.Ct. 302, 71 L.Ed. 560.

Having been given a fair and full hearing and there being sufficient substantial evidence upon which the findings of the several Boards, the Secretary of Labor and the District Court could rest, no question of law is raised for the consideration of this court and the decree will be:

The order of the District Court dismissing the petition for the writ of habeas corpus is affirmed.