**O'CONNELL ex rel. KWONG HAN FOO v. WARD, Com'r.**

**No. 6066 Misc. Civil.**

District Court, D. Massachusetts.

May 6, 1941.

Joseph F. O'Connell, of Boston, Mass. for petitioner.

Edmund J. Brandon, U. S. Atty. by William J. Koen, Sp. Asst. to U. S. Atty., both of Boston, Mass., for respondent.

BREWSTER, District Judge.

Kwong Han Foo seeks to be admitted to the United States, claiming to be a son of

Kwong Bing King, a citizen whose citizenship is conceded. Kwong Han Foo is also known as Herbert Kwong.

The Board of Special Inquiry excluded him, holding that they were not satisfied respecting the claimed relationship. This decision was affirmed by the Board of Review in Washington. Aside from one or two minor discrepancies, to which some significance might be attached, the principal ground upon which the immigration· authorities acted was earlier statements of the father who had several times been examined when leaving or entering the United States. In 1927 he mentioned four sons, the youngest of whom (unnamed) was born on January 27, 1927. In 1928, he again named four sons, but testified that Kwong Han Foo was born March 3, 1927. In 1930, he repeated this statement. It was not until April 5, 1938, when he last entered the United States, that he first gave November 11, 1922, as the date of the birth of Kwong Han Foo,. which is the date now claimed by the applicant, his brother and father, who testified in his behalf before the Board of Special Inquiry.

These earlier statements of the father respecting his sons, all of which were in agreement excepting the very substantial variation in the age of Kwong Han Foo, led the Board of Special Inquiry to the conclusion that he was not the son, as claimed. This discrepancy, directly concerning the family of the applicant, constituted a substantial basis for the excluding decision.

In this case a writ of habeas corpus was issued upon a petition alleging that the alien was not accorded a fair hearing and that the immigration authorities acted arbitrarily. So far as the record disclosed, no return on the writ was ever made, as required by 28 U.S.C.A. §§ 456, 457. Nevertheless, a hearing was held by mutual consent to determine whether the writ should. be discharged. At this hearing, the testimony of the applicant, his father and a brother was received. This testimony furnished no evidence of any unfair or arbitrary conduct of the hearing by the administrative board. The witnesses all agreed that Kwong Han Foo was born in 1922, and the father denied ever giving 1927 as the year when this son was born. The records of the proceeding before the Board of Special Inquiry and the Board of Review were also in evidence.

The statutes declare that the decision of the Board of Special Inquiry (8 U.S.C.A. § 153) or of the appropriate immigration officers (8 U.S.C.A. § 174), if adverse to the admission, shall be final unless reversed on appeal to the Secretary of Labor. Nevertheless, the courts have accorded finality only respecting questions of fact, and .have taken jurisdiction for the purpose of a judicial review if the hearing has been unfair or arbitrary or the excluding decision was without substantial evidence to support it. This proposition is too well established to need citation.

The question of jurisdiction frequently arises upon the petition for a writ of habeas corpus and is considered upon the administrative files, but it seems to be well settled that after the writ has issued the same jurisdictional prerequisite must first be made to appear before the court can pass upon the merits of the case.

Chin Yow v. United States, 208 U.S. 8, at page 11, 28 S.Ct. 201, at page 202, 52 L.· Ed. 369, was a case of a petition for a writ, alleging unfair hearing. Mr. Justice Holmes observed:

"Of course, if the writ is granted, the first issue to be tried is the truth of the·allegations last mentioned. [Unfair hearing] If the petitioner was not denied a fair opportunity to produce the evidence that he desired, or a fair though summary hearing, the case can proceed no farther. Those facts are the foundation of the jurisdiction of the district court, if it has any jurisdiction at all."

And again (208 U.S. at page 13, 28 S.Ct. at page 203, 52 L.Ed. 369) he added:

"But, unless and until it is proved to the satisfaction of the judge that a hearing properly so called was denied, the merits of the case are not open, and, we may add, the denial of a hearing cannot be established by proving that the decision was wrong."

No evidence being adduced at the hearing on the writ which could tend to prove a denial of a fair hearing, this court is without authority to pass de novo on the merits of the case.

Since the hearing was fairly conducted and substantial evidence supported it, the court cannot disturb the decision. It follows that the writ is to be discharged and Kwong Han ·Foo is to be remanded to the immigration authorities for such action as they may see fit to take.