RANDOLPH, Circuit Judge,
concurring in the judgment.
I believe the district court had jurisdiction over Munafs habeas corpus petition. The critical considerations are that Munaf is an American citizen and that he is held by American forces overseas. Hirota v. MacArthur, 338 U.S. 197, 69 S.Ct. 197, 93 L.Ed. 1902 (1948) (per curiam), in which the habeas petitioners were Japanese citizens held in Japan, therefore does not apply. There is a longstanding jurisdictional distinction between citizens and aliens detained outside the sovereign territory of the United States. In Johnson v. Eisentrager, 339 U.S. 763, 781, 70 S.Ct. 936, 94 L.Ed. 1255 (1950), decided two years after Hirota, the Court held that it lacked jurisdiction to issue writs of habeas corpus for German prisoners held by the United States in Germany. But the Court stated that its holding did not apply to American citizens, to whom the “Court long ago extended habeas corpus” when they were held outside the United States. See id. at 769-70, 70 S.Ct. 936 (citing Chin Yow v. United States, 208 U.S. 8, 28 S.Ct. 201, 52 L.Ed. 369 (1908)).
It is hardly surprising then that eight of the nine Justices in Rasul v. Bush, 542 U.S. 466, 124 S.Ct. 2686, 159 L.Ed.2d 548 (2004), explicitly agreed that American citizens held by American officials overseas could invoke habeas jurisdiction. For himself and four other Justices, Justice Stevens wrote that “[a]liens held at the [Guantanamo Bay Naval] base, no less than American citizens, are entitled to invoke the federal courts’ authority under [28 U.S.C.] § 2241.” Id. at 481, 124 S.Ct. 2686. Justice Scalia, joined by Chief Justice Rehnquist and Justice Thomas, stated that “[n]either party to the present case challenges the atextual extension of the habeas statute to United States citizens held beyond the territorial jurisdictions of the United States courts,” “[a]nd that position — the position that United States citizens throughout the world may be entitled to habeas corpus rights — is precisely the position that this Court adopted in Eisen-trager ... even while holding that aliens abroad did not have habeas corpus rights.” Id. at 497, 502, 124 S.Ct. 2686 (Scalia, J., dissenting) (citation omitted).
It is true that Omar v. Harvey, 479 F.3d 1, 7 (D.C.Cir.2007), distinguished Hirota and Flick v. Johnson, 174 F.2d 983 (D.C.Cir.1949), on the ground that in both cases the alien petitioners held overseas had been convicted by an international tribunal. But Omar did not speak to the jurisdictional issue confronting us here. To extend Hirota to habeas petitions filed by American citizens not only would contradict Eisentrager and the majority and dissenting opinions in Rasul, but also would constitute an unwarranted extension of an opinion that “articulates no general legal principle at all,” Omar, 479 F.3d at 6.
*586 Habeas petitions test the legality of detention. The fact that the United States is holding Munaf because of his conviction by a foreign tribunal thus goes to the question whether he is entitled to the writ, not to the question whether the court has jurisdiction to consider the petition. See Bell v. Hood, 327 U.S. 678, 681, 66 S.Ct. 773, 90 L.Ed. 939 (1946). As to the merits, I believe Wilson v. Girard, 354 U.S. 524, 77 S.Ct. 1409, 1 L.Ed.2d 1544 (1957), is conclusive. After Japan indicted a United States soldier for killing a Japanese woman in Japan, the soldier sought a writ of habeas corpus in the United States District Court for the District of Columbia to prevent his transfer to Japanese authorities. Id. at 525-26, 77 S.Ct. 1409. The district court denied the writ on the merits but issued a preliminary injunction against the soldier’s transfer. Girard v. Wilson, 152 F.Supp. 21, 27 (D.D.C.1957). Referring to a Security Treaty between the United States and Japan, the Supreme Court upheld the denial of the writ but reversed the grant of the injunction, 354 U.S. at 530, 77 S.Ct. 1409, reasoning that a “sovereign nation has exclusive jurisdiction to punish offenses against its laws committed within its borders, unless it expressly or impliedly consents to surrender its jurisdiction,” id. at 529, 77 S.Ct. 1409 (citing Schooner Exchange v. M’Faddon, 11 U.S. (7 Cranch) 116, 136, 3 L.Ed. 287 (1812)). In Munafs case, the Congressional Authorization for Use of Military Force Against Iraq, Pub. L. No. 107-243, 116 Stat. 1498 (2002), in conjunction with United Nations Security Council Resolutions 1546, U.N. Doc. S/RES/1546 (June 8, 2004), and 1637, U.N. Doc. S/RES/1637 (Nov. 11, 2005), commands the same result. Cf. Holmes v. Laird, 459 F.2d 1211, 1219 n. 59 (D.C.Cir.1972).