[No. 6991. Decided December 13, 1907.]

THE STATE OF WASHINGTON, *Respondent,* v. HOLLIS W.
KEITH, *Appellant.*[1]

ADULTERY—ELEMENTS OF OFFENSE—PERSONS LIABLE. Under Bal.
Code, § 7230, defining adultery as the sexual intercourse between a
married person and one who is not such married person's husband
or wife, an unmarried man living in a state of adultery with a
married woman is guilty of the offense, the statute applying to both
parties.

Appeal from a judgment of the superior court for Walla
Walla county, Brents, J., entered April 12, 1907, upon a trial
and conviction of the crime of living in a state of adultery.
· Affirmed.

*Cain & Hurspool,* for appellant.

*Otto B. Rupp* and *John H. McDonald,* for respondent.

[1]Reported in 92 Pac. 893.

Root, J.—Appellant was convicted of the crime of living in a state of adultery, upon an information drawn under Bal. Code, § 7231 (P. C. § 1799). From the judgment he appeals.

It appears that appellant, at the time of the commission of the alleged offense, was an unmarried man, and that the woman with whom he was living was the wife of another. It is contended by appellant that an unmarried man cannot be held under this section of the statute, which reads as follows:

"Every person who lives in a state of adultery, upon conviction thereof, shall be punished by imprisonment in the state prison not exceeding five years."

It is his contention that, if guilty of any offense, it is that provided against by Bal. Code, § 7238 (P. C. § 1790), which reads as follows:

"If any man or woman, not being married to each other, lewdly and viciously associate and cohabit together, . . . every such person shall be punished by imprisonment in the county jail not exceeding six months, or by fine not exceeding two hundred dollars."

It is urged in his behalf that only the married woman could be held under the statute under which he is here prosecuted. The statute does not define the offense here charged. Bal. Code, § 7230 (P. C. § 1798), defines the crime of adultery as follows:

"Adultery is the sexual intercourse between a married person and one who is not such married person's husband or wife."

It would seem that § 7231 must be read in the light of § 7230. Under the common law, adultery was not an indictable offense. In civil matters, however, the common law offense was understood in a somewhat different sense from that implied by the canon or civil law. In this country the decisions as to what constitutes adultery have not been harmonious. It is urged, and there is much support of the contention, both in the English and American decisions, that the gist of the offense consists in the adulteration, or possible adulteration, of

the issue of the woman's husband; that by reason of the offense such husband is likely to have a child not his own imposed upon him for support and as his heir, to the detriment of himself and his legitimate issue. For this reason many of the cases hold that the wife only could be guilty of the offense, and that her paramour would be guilty only of lewd and illicit cohabitation. In some states, however, under the common law or statutes somewhat similar to our own, both offenders have been held to be equally guilty of adultery.

As the statutes in the various states differ considerably from ours, we are not able to get very much assistance from the large number of decisions and other authorities which the attorneys for the respective parties in this case have called to our attention in their briefs. The case presents the question of what was intended by our statutes. Section 7230 is couched in very plain language, and it would seem to be too plain for construction. Giving to the language its ordinary meaning, it indicates that the legislature intended each of the offending parties to be held equally guilty with the other. Upon principle, it is difficult to conceive of any adequate reason why they should not be deemed equally guilty of the same offense. The scandal and evil consequences of a married woman and a man not her husband living and cohabitating together as husband and wife are such that we can see no sufficient reason why the legislature should say that the woman should be held guilty of a felony but the man only of a misdemeanor. The trial court evidently took the view that the statute applied equally to each, and we believe such conclusion to be correct.

The judgment is affirmed.

HADLEY, C. J., RUDKIN, DUNBAR, and CROW, JJ., concur.

MOUNT and FULLERTON, JJ., took no part.