## HOEY LUM QUNG v. JOHNSON, Commissioner of Immigration.

(Circuit Court of Appeals, First Circuit. May 14, 1924.)

No. 1718.

1. **Aliens ⬤⇒32(2)—Habeas corpus ⬤⇒23—Departmental order, excluding foreign born Chinese claiming citizenship, conclusive after fair hearing, if supported by evidence.**

Foreign-born Chinese person, who claimed citizenship under Rev. St. § 1993 (Comp. St. § 3947), because his father was native-born citizen, having never been in United States, may be deported by executive order without judicial hearing, and courts cannot interfere by habeas corpus, unless there is denial of fair hearing, or finding was unsupported by evidence, or erroneous rule of law was applied.

2. **Habeas corpus ⬤⇒113(13)—Order remanding Chinese person to custody of commissioner on evidence outside record, without opportunity for rebuttal, required reversal for further hearing.**

Where court, after receiving evidence that foreign-born Chinese person was citizen, remarked that relator was "lying now or he was then," referring to evidence outside the record, without apprising petitioner or counsel thereof, or giving them opportunity to explain, *held*, that order remanding relator to custody of immigration commissioner must be reversed for further hearing, with opportunity to present competent evidence.

Appeal from the District Court of the United States for the District of Massachusetts; James Arnold Lowell, Judge.

Habeas corpus by Hoey Lum Qung against John P. Johnson, Commissioner of Immigration. From an order dismissing the petition, discharging the writ, and directing that relator, Hoey Lum Qung, be remanded to the custody of the United States Commissioner of Immigration at Boston, petitioner appeals. Reversed and remanded.

Joseph F. O'Connell, of Boston, Mass. (James F. Meagher, of Boston, Mass., on the brief), for appellant.

John W. Schenck, Asst. U. S. Atty., of Boston, Mass. (Robert O. Harris, U. S. Atty., of Boston, Mass., on the brief), for appellee.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

BINGHAM, Circuit Judge. This is an appeal from an order of the United States District Court for the District of Massachusetts dismissing a petition for a writ of habeas corpus, discharging the writ and directing that the relator, Hoey Ne Hon, be remanded to the custody of the United States Commissioner of Immigration at Boston.

The petition was brought by Hoey Lum Qung, a native-born citizen, on behalf of Hoey Ne Hon, alleged to be his son, and who, after a hearing before the board of special inquiry at Boston, was denied the right to enter the United States and was ordered deported. In the petition it was set out that the relator had been denied a fair and impartial hearing before the board of special inquiry; that he had been denied the right to be present at the hearing of witnesses before the board; that he did not understand the English language, and was ques-

tioned through an interpreter, whose dialect he did not understand; that the board acted in an arbitrary and capricious manner, refusing his request to be examined before an interpreter who understood him, and whom he understood.

Upon the filing of the petition a summons was issued to the commissioner requiring him to appear before the court on the 12th day of March, 1923, and show cause, if any, why a writ of habeas corpus should not issue. On May 18, 1923, a hearing was had before the District Court on the question whether the relator had had a fair and impartial hearing before the board of special inquiry, and, on June 5, 1923, the District Court made a finding that such a hearing was not had and entered an order that a writ of habeas corpus issue. On June 6 the writ issued, requiring the commissioner to bring the relator before the court and show cause.

A hearing was had under this order on the 15th day of June, 1923, at which time the only witnesses called and the only evidence submitted was that given by Hoey Lum Qung, the petitioner, Hoey Ne Kwun, an American citizen and son of the petitioner, and Hoey Ne Hon, the relator. All of these witnesses testified that the relator was the son of Hoey Lum Qung and the brother of Hoey Ne Kwun; that he was 24 years old, born in China, and sought admission for the purpose of taking up his rights and duties as a citizen of this country. This evidence having been introduced the petitioner rested, whereupon the court informed petitioner's counsel that "he [the relator] is either lying now or he was then." The petitioner's counsel then protested that there had been no evidence introduced by the government; that, if he had supposed the court contemplated taking into consideration evidence outside the case, he would have taken steps to have met such evidence. His protestations, however, were without avail, and, subject to exception, the court entered the order above recited, from which this appeal was taken.

It being conceded that the petitioner, Hoey Lum Qung, is a native-born citizen, the relator's contention is that he is his son, and, though foreign-born, by virtue of section 1993 of the Revised Statutes of the United States (Comp. St. § 3947), is himself a citizen, and entitled to admission to the country.

[1] Although the relator, born in China, claims citizenship and seeks admission on that ground, yet, never having been in the United States, he may be deported by executive order without a judicial hearing; the decision of the department in such case being final. Ng Fung Ho v. White, 259 U. S. 276, 42 Sup. Ct. 492, 66 L. Ed. 938; United States v. Tod (C. C. A.) 290 Fed. 689, 694. But the decision of the Executive Department is final "on the presupposition that the decision was after a hearing in good faith, however summary in form," Chin Yow v. United States, 208 U. S. 8, 12, 28 Sup. Ct. 201, 52 L. Ed. 369, and if "there was either a denial of a fair hearing, Chin Yow v. United States, 208 U. S. 8, 28 Sup. Ct. 201, 52 L. Ed. 369, or the finding was not supported by evidence, American School of Magnetic Healing v. McAnnulty, 187 U. S. 94, 23 Sup. Ct. 33, 47 L. Ed. 90, or there was an application of an erroneous rule of law,

Gegiow v. Uhl, 239 U. S. 3, 36 Sup. Ct. 2, 60 L. Ed. 114," Ng Fung Ho v. White, 259 U. S. 276, 282, 42 Sup. Ct. 492, 66 L. Ed. 938, the District Court on habeas corpus may take jurisdiction and enter upon a judicial determination of the rights of the alleged citizen for admission to the country. See, also, United States v. Tod (C. C. A.) 290 Fed. 689, 694, and cases there cited.

[2] In this case the District Court, having found that the hearing before the board of special inquiry was not a fair one, had jurisdiction to determine anew, on evidence introduced before it, the question of the relator's citizenship and right to enter the country.

The record discloses that the District Court, after receiving the evidence submitted by the petitioner, proceeded forthwith to decide the case, and, in so doing, it apparently took into consideration evidence outside the record, of which at some time it had acquired knowledge, but without the petitioner or his counsel being apprised of what that evidence was, and given an opportunity to explain or rebut it. It is even doubtful on the record whether counsel for the government was afforded an opportunity to introduce any evidence. In such a state of the record, we think we should not pass upon the question of fact involved, but that the case should be remanded to the District Court for further hearing, where the parties may have full opportunity to present any evidence that is competent and would be received in a judicial proceeding.

The order of the District Court is reversed, and the case is remanded to that court for further proceedings not inconsistent with this opinion.