**JU WAH SON v. NAGLE, Commissioner of Immigration.**

(Circuit Court of Appeals, Ninth Circuit. February 28, 1927.)

No. 4927.

1. **Aliens ⬤�ない32(18) —Weight and sufficiency of evidence in proceeding for admission is for Executive Department.**

Weight and sufficiency of evidence in proceeding for admission, on ground that applicant was minor son of resident Chinese merchant, is matter for consideration of the Executive Department.

2. **Habeas corpus ⬤➤92(1)—Findings of fact excluding alien by Executive Department, supported by evidence, will not be interfered with by Circuit Court of Appeals on habeas corpus.**

Where findings of fact made by Executive Department in proceeding for admission, on ground that applicant was minor son of resident Chinese merchant, were supported by evidence, Circuit Court of Appeals cannot interfere or review case on habeas corpus.

Appeal from the District Court of the United States for the Southern Division of the Northern District of California; George M. Bourquin, Judge.

Application for habeas corpus by Ju Wah Son against John D. Nagle, Commissioner of Immigration for the Port of San Francisco, Cal. Judgment dismissing the petition, and petitioner appeals. Affirmed.

George A. McGowan and W. G. Becktell, both of San Francisco, Cal., for appellant.

George J. Hatfield, U. S. Atty., and T. J. Sheridan, Asst. U. S. Atty., both of San Francisco, Cal., for appellee.

Before RUDKIN, Circuit Judge, and SAWTELLE and JAMES, District Judges.

SAWTELLE, District Judge. This is an appeal from an order and judgment of the District Court of the United States for the Northern District of California, denying a petition for a writ of habeas corpus.

Ju Wah Son applied for admission to the United States on the ground that he was the minor son of a resident Chinese merchant, Jew Wing. After a hearing before the Board of Special Inquiry at San Francisco, appellant was denied admission upon the grounds that the claimed relationship had not been established, and upon the further ground that appellant had failed to establish that he was a minor. An appeal was taken to the Secretary of Labor, and the case was reviewed by the Board of Review, which board recommended that the appeal be dismissed, which was accordingly done.

The original immigration records were introduced in evidence before, and considered by, the lower court in reaching its determination herein, and by order of said court transmitted to this court for its consideration. The mercantile status of the alleged father, Jew Wing, was conceded by the board at San Francisco. He is one of the several refugees who came to the United States from Mexico with the Pershing Expedition, and whose admission was subsequently legalized by a joint resolution of Congress. Appellant arrived at the port of San Francisco, from China, on December 16, 1925. At the hearing before the Board of Special Inquiry, he testified that he was 21 years of age, Chinese reckoning, and that he was born on a date corresponding to January 3, 1906. On November 13, 1925, before the vice consul of the United States at Hongkong, he stated that he was born January 3, 1905.

On January 30, 1922, at San Antonio, Tex., Jew Wing, the alleged father, in a statement signed by him in Chinese and English, gave the names and ages of his sons, then residing in China, as "Ju Wah Sing, 22," "Jum Wah Tim, 18." At the hearing before said board at San Francisco, the alleged father testified that appellant was born on December 9, 1906, one week before the former left China for Mexico. If the appellant, Ju Wah Son, were the Ju Wah Tim, referred to by the alleged father at San Antonio, on January 30, 1922, as being 18 years of age, then the appellant was 21 years of age on or prior to January 30, 1925, nearly one year prior to the time he landed at the port of entry.

It is contended by counsel that the alleged father, when he testified, was mistaken or confused; he having stated that, by reason of his long absence from his native home, he could not give the years according to the Chinese calendar. The record shows that he did testify that he was 50 years of age, that he was born in 1876 (American reckoning); that it had been 20 years since he had lived in China; and that he had forgotten how to give dates in Chinese. He further testified that he could not give in Chinese dates of his son's birth or of his own birth, and that, "when that statement was made [at San Antonio], the man did not get the names or ages of my sons right"; but he also testified: "I have kept up with the American years, and know that I have been here 20 years." As above stated, in 1922, at San Antonio, he gave his sons ages as 21 and 18 years, respectively, a difference of 4 years between the two. If this were true, then at the time of the hearing they had attained the ages of 26 and 22 years, respec-

tively. On his examination before said board, he testified that his older son, Ju Wah Sing, was *26* years of age (which agrees with his statement made at San Antonio), and his younger son, Jum Wah Tim, represented to be the appellant, was *20* years of age, thus showing a difference of *6* years between their ages.

Appellant was examined at San Francisco by three physicians. The chief medical officer of United States Public Health Service, issued a certificate, of which the following is a copy:

"Immigration Hospital Angel Island, Cal.
"Feb. 6, 1926.
"Memorandum for Commissioner of Immigration.

"In the case of Ju Wah Son, 24701/4–16 ex steamship President Cleveland, 12/16/25, in which you request an expression of opinion as to his probable age, I beg to state that, after a consideration of the physical characteristics presented by the alien, and a correlation of those features which aid in the estimation of age, such as hair, caputal, axillary, facial, and pubic, the condition of the skin, the eruption and development of the teeth, the development of the sexual organs, the facial expression, and the general attitude, I am of the opinion that his age is within two years either way of twenty-two (22) years.

"D. Moore, Surgeon,
"Chief Medical Officer."

And the two physicians who were called by the appellant certified as follows:

"San Francisco, March 23, 1926.
"The Commissioner of Immigration, Angel Island, San Francisco.

"Re Ju Wah Son, 24701–4–16—ss.: Pres. Cleveland 12/16/25. At the request of Attorney Willard G. Becktill, we made a physical examination of the above with a view to determine his age. We found a tall young man, with a full set of teeth, very scant axillary and pubic hair, and from his facial expression, muscular and skeletal development, sexual organs, and general attitude, we are of the opinion that his age is 20 to 21 years.

"Dr. E. V. Bland,
"H. A. Niemeyer, M. D."

It is contended by counsel for the appellant that the hearing was unfair, and that the adverse decision was against the law, against the evidence, and was not supported by the evidence. It will be observed that no claim is made that there was any unfairness in the method of procedure before the Board of Special Inquiry, and there are no circumstances connected with the examination of the appellant and his witnesses which tend to indicate an unfair attitude on the part of said board; in fact, the record discloses that appellant was fully advised of his rights, and afforded ample opportunity to present his case. He was ably represented by counsel at the port of entry and before the Secretary of Labor.

[1] It is undoubtedly true, as shown by the record, that the testimony was conflicting and inconsistent concerning material issues, and there is nothing to indicate that the case was not given careful investigation and consideration before a decision was reached. The weight and sufficiency of the evidence was a matter for the consideration of the Executive Department.

[2] We think the applicant was afforded a fair hearing, that the findings of fact made by the Executive Department were supported by the evidence, and, this being so, this court cannot interfere or review the case upon habeas corpus. Tisi v. Tod, 264 U. S. 131, 44 S. Ct. 260, 68 L. Ed. 590; Tang Tun v. Edsell, 223 U. S. 673, 32 S. Ct. 359, 56 L. Ed. 606; Hoey Lum Qung v. Johnson (C. C. A.) 299 F. 246; United States v. Tod (C. C. A.) 1 F.(2d) 246.

Among other decisions, supporting the views herein expressed, we quote from the following:

"To render a hearing unfair, the defect, or the practice complained of, must have been such as might have led to a denial of justice, or there must have been absent one of the elements deemed essential to due process." Bilokumsky v. Tod, 263 U. S. 157, 44 S. Ct. 57, 68 L. Ed. 221.

"For where there is jurisdiction a finding of fact by the Executive Department is conclusive, United States v. Ju Toy, 198 U. S. 253 [25 S. Ct. 644, 49 L. Ed. 1040]; and courts have no power to interfere unless there was either denial of a fair hearing, Chin Yow v. United States, 208 U. S. 8 [28 S. Ct. 201, 52 L. Ed. 369]; or the finding was not supported by evidence, American School of Magnetic Healing v. McAnnulty, 187 U. S. 94 [23 S. Ct. 33, 47 L. Ed. 90]; or there was an application of an erroneous rule of law, Gegiow v. Uhl, 239 U. S. 3 [36 S. Ct. 2, 60 L. Ed. 114]." Ng Fung Ho v. White, 259 U. S. 284, 42 S. Ct. 495, 66 L. Ed. 938.

"The proceedings of the administrative officers in this class of cases can be reviewed upon habeas corpus only when these officials have manifestly abused the power and discretion conferred." United States v. Tod (C. C. A.) 1 F.(2d) 257.

"It is fully settled that the decision by the Secretary of Labor of such a question as we have here is final and conclusive upon the courts, unless it be shown that the proceedings were 'manifestly unfair,' were 'such as to prevent a fair investigation,' or show 'manifest abuse' of the discretion committed to the executive officers by the statute, Low Wah Suey v. Backus, supra; or that 'their authority was not fairly exercised, that is, consistently with the fundamental principles of justice embraced within the conception of due process of law,' Tang Tun v. Edsell, 223 U. S. 673, 681, 682 [32 S. Ct. 359, 56 L. Ed. 606]. The decision must be after a hearing in good faith, however summary. Chin Yow v. United States, 208 U. S. 8, 12 [28 S. Ct. 201, 52 L. Ed. 369]; and it must find adequate support in the evidence, Zakonaite v. Wolf, 226 U. S. 272, 274 [33 S. Ct. 31, 57 L. Ed. 218]." Kwock Jan Fat v. White, 253 U. S. 457, 40 S. Ct. 567, 64 L. Ed. 1010.

We concur in the conclusion reached by the District Court.

The judgment is affirmed.