## Ex parte ISOJOKI.

(District Court, N. D. California, First Division.   April 6, 1915.)

### No. 15786.

1. ALIENS ⬡⟶46—EXCLUSION—OFFENSES AGAINST IMMIGRATION LAWS—"MISDEMEANOR INVOLVING MORAL TURPITUDE."

A woman having sexual intercourse with a man in her native foreign country and with another man on a vessel en route to another foreign country, and living with a man as his wife in a state while both were unmarried, is not guilty of a "misdemeanor involving moral turpitude," within Immigration Act Feb. 20, 1907, c. 1134, § 2, 34 Stat. 898 (Comp. St. 1913, § 4244), excluding aliens who admit having committed a "misdemeanor involving moral turpitude," in the absence of evidence of any law violated by her in the foreign country, or of evidence bringing the vessel within the admiralty and maritime jurisdiction, essential to give jurisdiction over the offense denounced by Cr. Code (Act 1909, March 4, c. 321) § 318, 35 Stat. 1149 (Comp. St. 1913, § 10491), punishing any unmarried man or woman committing fornication, if the provision may be

⬡⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

transferred to the admiralty and maritime jurisdiction, and where, under the laws of the state where the cohabitation was maintained, she was not guilty of adultery.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. § 105; Dec. Dig. ☞46.]

2. HABEAS CORPUS ☞23—IMMIGRATION—FINDINGS OF IMMIGRATION AUTHORITIES—JUDICIAL REVIEW.

A finding that an alien in custody of immigration authorities for deportation is likely to become a public charge, rendered by the executive officers after a hearing provided for by the statute, will not be disturbed on habeas corpus, and the court can only determine whether the alien was afforded a proper hearing.

[Ed. Note.—For other cases, see Habeas Corpus, Cent. Dig. § 17; Dec. Dig. ☞23.]

Application of R. Frank for a writ of habeas corpus for and on behalf of Tina Isojoki, also known as Tina Ihrmark, for the discharge of the latter, in custody of officers, for deportation. Demurrer to petition sustained.

E. Lyders and Catlin, Catlin & Friedman, all of San Francisco, Cal., for petitioner.

John W. Preston and Walter E. Hettman, both of San Francisco, Cal., for respondent.

DOOLING, District Judge. Petitioner, a Swedish woman, 25 years of age and unmarried, having been denied the right to enter this country upon returning thereto from a vaudeville venture in Australia, and being held in custody for deportation by the immigration authorities, has applied to this court to be discharged upon habeas corpus.

The exclusion of petitioner is based upon two grounds: (1) That she has admitted the commission of a misdemeanor involving moral turpitude; and (2) that she is a person likely to become a public charge.

[1] The matter was heard upon demurrer to the petition, from which and the accompanying record it appears: That petitioner came to this country from Sweden in February, 1910, and remained here until October, 1913. That during this period she worked for a year and a half as a domestic servant, and then took up the teaching of swimming and giving exhibitions as a professional swimmer, in which occupations she was engaged until her departure for Australia in 1913. During a portion of this period she lived with one Carl Ihrmark as his wife, both she and Ihrmark being unmarried. She also admits having had sexual intercourse with one Carl Eklund in Sweden, and with one Arthur Troutt on the Ventura en route to Australia. These are "the misdemeanors involving moral turpitude" upon which petitioner was denied the right to land.

In passing upon this phase of the case it may be well to note at the outset that as to these lapses from virtue, not amounting to prostitution, the petitioner stands exactly in the same position before the court as would a man who was similarly charged. If an unmarried man, guilty of like offenses against the moral law, could not be excluded because of such offenses, then this woman cannot be excluded because

of them. If an unmarried man could not be held under the circumstances to have committed a "misdemeanor involving moral turpitude," then neither can this woman be held to have committed such misdemeanor. For the law makes no distinction here between the man and the woman, but applies to both equally, though such sexual lapses are ordinarily condoned on the part of the former and condemned on the part of the latter. Petitioner then may not be excluded on this ground, unless her paramour, if an alien, could be excluded under the same circumstances.

Section 2 of the Immigration Act provides, in so far as its provisions are applicable here:

"That the following classes of aliens shall be excluded from admission into the United States: * * * Persons who have been convicted of or admit having committed a felony or other crime or misdemeanor involving moral turpitude * * * prostitutes, or women or girls, coming into the United States for the purpose of prostitution or for any other immoral purpose."

It is not claimed or found that petitioner is a prostitute, or that she is coming into the United States for the purpose of prostitution, or any other immoral purpose; but she is excluded because in the judgment of the immigration officers her lapses from virtue constituted a "misdemeanor involving moral turpitude." What law of Sweden she violated by having intercourse with Eklund is not pointed out, and if the Swedish law is the same as ours, and in the absence of proof to the contrary this must be presumed, she was guilty of no crime or misdemeanor, whether involving moral turpitude or otherwise.

Counsel for the government cites section 269a of the Penal Code of California as covering her relations with Ihrmark in this state. This section is as follows:

"Every person who lives in a state of cohabitation and adultery is guilty of a misdemeanor. * * *"

But this section cannot possibly be violated by two unmarried persons, because one of its elements is adultery, and adultery is the sexual intercourse of two persons, either of whom is married to a third. So far as the relations of petitioner with Eklund in Sweden and Ihrmark in California are concerned, they did not constitute a "crime or misdemeanor" within the meaning of the Immigration Act. As to the single act of sexual intercourse with Troutt on the Ventura en route to Australia, counsel cites section 318 of the Criminal Code, which declares:

"If any unmarried man or woman commits fornication, each shall be punished," as therein provided.

But that section is found in a chapter headed "Certain Offenses in the Territories," and cannot be transferred by the court to the chapter defining the offenses within the admiralty and maritime jurisdiction of the United States. Nor, indeed, does it anywhere appear that the steamship Ventura is a vessel belonging in whole or in part to the United States or a citizen thereof, or to a corporation created by or under the laws of the United States or of a state, territory, or District thereof, which fact would be essential to give jurisdiction over the of-

fense denounced by section 318, if by any chance it could be transferred to the admiralty and maritime jurisdiction.

I am therefore of the opinion that that portion of the excluding decision which declares that petitioner has admitted the commission of a misdemeanor involving moral turpitude finds no support in the record, and, if this were the only ground of exclusion, the demurrer would be overruled.

[2] But it is also found that petitioner is a person likely to become a public charge. While this finding might not be one that the court would make if the question were still an open one, the rule in such cases is stated by the Circuit Court of Appeals of this circuit in the following terms:

"In the present case the executive officers found that the aliens were persons likely to become a public charge. This is a ground of exclusion provided for by law. In reaching this conclusion the officers gave the aliens the hearing provided for by the statute. This is as far as the court can go in examining such proceedings. It will not inquire into the sufficiency of probative facts, or consider the reasons for the conclusion reached by the officers. As said by the Supreme Court in [Chin Yow v. United States] 208 U. S. S. [28 Sup. Ct. 201, 52 L. Ed. 369]: 'Unless and until it is proved to the satisfaction of the judge that a hearing, properly so called, was denied, the merits of the case are not open, and, we may add, the denial of a hearing cannot be established by proving that the decision was wrong.'" White v. Gregory, 213 Fed. 768, 130 C. C. A. 282.

The hearing as to the latter ground of exclusion was not unfair, and for this reason it is ordered that the demurrer to the petition be sustained.