### In re Petition for Naturalization of Marcella Hubertine VAN DESSEL.

#### No. 222188.

United States District Court
E. D. Pennsylvania.
June 15, 1965.

Eugene E. Cole, Asst. District Director of Citizenship, Philadelphia, Pa., for United States.

No appearance for petitioner.

GRIM, District Judge.

In this contested naturalization case it is contended that the petitioner lacks the "good moral character" required by the Immigration and Nationality Act of 1952.[1] The petitioner's sexual conduct creates the problem. She has testified with commendable candor:

"Q. Now in your statement of November 22, 1962, you stated to the Examiner that you have had sexual relations with a native-born citizen from 1959 to the present time —that present time meaning November, 1962. Is that correct?

A. Yes.

Q. And at the time you appeared before me to file petition for naturalization, you stated to me that you were still having sexual relations with this man.

A. Yes.

Q. Is that correct?

A. Yes.

Q. And since filing petition for naturalization, are you still having sexual relations with this man?

A. Yes.

Q. When was the last time you had sexual relations with him?

A. A few days ago.

Q. And when you have sexual relations with this man, where does it take place?

A. At my home.

\* \* \* \* \* \*

Q. Does this man ever spend the night in your apartment?

A. He has, yes.

Q. How many times has he spent the night in your home?

A. Three or four times. That doesn't necessarily mean I had sexual relations with him when he does spend the night. I have two beds.

Q. But since you started going with him in 1959, you have at frequent intervals had sexual relations with this man? Is that right?

A. Yes.

Q. Have you ever gone to any place and registered with him as man and wife?

A. No, sir.

Q. Have you ever at any time with this man represented yourself to be husband and wife?

A. No, sir.

\* \* \* \* \* \* "

The petitioner is thirty-six years of age and a native of Belgium. There is no

1. "No person \* \* \* shall be naturalized unless such petitioner \* \* \* during all the period referred to in this subsection [five years preceding filing of naturalization petition] has been and still is a person of good moral character \* \* \*." 66 Stat. 242 (1952), 8 U.S. C.A. § 1427(a).

indication in the record that money or other personal advantage had a bearing on her decision to give of her feminine charms. Her gentleman friend is unmarried. She has indicated that she and her friend have not married because of a religious difference which they have not been able to surmount.

Crimes involving fornication are common in the law. The Scarlet Letter crime of adultery is enjoined in the Seventh Commandment as well as in the laws of Pennsylvania and the various other states. Fornication by itself, however, is not and has not been regarded as a serious offense by the law.[2] It is only when certain other circumstances are present that it becomes serious, such as force (rape), violation of marriage vows (adultery), commercial gain (prostitution) or the begetting of an illegitimate child (bastardy).

■ The Immigration and Nationality Act sets up a list of specific offenses deemed to evidence lack of good moral character;[3] fornication is not one of them. A careful reading of this list of offenses provides a guide to Congress' thoughts on how serious an offense must be to constitute a bar to naturalization. It seems to me that all the offenses named in the statute are considerably more serious than fornication. For example, among the offenses listed are adultery, murder, perjury, trafficking in narcotic drugs, aiding illegal entry into the United States, and the conviction of any offense which resulted in confinement in a penal institution for a period of 180 days or more.[4] The only offenses listed which in any way approximate petitioner's "offense" in this case are (1) adultery within the five year statutory period, (2) prostitution and (3) those crimes which can be characterized as involving moral turpitude. There is no evidence in this case of adultery or prostitution within the statutory five year period.[5] More-

2. See Article 213 of Proposed Official Draft of The American Law Institute's Model Penal Code (1962).

3. "No [such] person shall be regarded as, or found to be, a person of good moral character who, during the period for which good moral character is required to be established [from five years preceding naturalization petition to the present time], is, or was—

(1) a habitual drunkard;

(2) one who during such period has committed adultery;

(3) a member of one or more of the classes of persons, whether excludable or not, described in paragraphs (11), (12), and (31) of section 212(a) of this Act; or paragraphs (9), (10), and (23) of section 212(a), if the offense described therein, * * * was committed during such period;

(4) one whose income is derived principally from illegal gambling activities;

(5) one who has been convicted of two or more gambling offenses committed during such period;

(6) one who has given false testimony for the purpose of obtaining any benefits under this Act;

(7) one who during such period has been confined, as a result of conviction, to a penal institution for an aggregate period of one hundred and eighty days or more * * *;

(8) one who at any time has been convicted of the crime of murder.

The fact that any person is not within any of the foregoing classes shall not preclude a finding that for other reasons such person is or was not of good moral character."

Title I of Immigration and Nationality Act, § 101, 66 Stat. 172, 173 (1952), 8 U.S.C.A. § 1101(f).

4. Under Pennsylvania law, the maximum punishment for the misdemeanor of fornication is a fine not exceeding $100., 18 P.S. § 4506.

5. Petitioner has been married and divorced. There is some evidence to show that while married she committed one act of adultery. This act, however, occurred prior to the critical five year period. As to this circumstance, it has been said:

"Under the law the burden is on the petitioner to establish good moral character only during the five-year period, not earlier. * * * And it has consistently been construed liberally so as to sanction forgiveness after the expiration of five years from the date of a disbarring misdeed." Petition of Zele, 140 F.2d 773, 776 (2d Cir. 1944).

over, there appears to be no authority to support the proposition that fornication is a crime involving moral turpitude.[6]

■ It is true, of course, that Congress did not make the enumerated specific offenses the only bars to naturalization, but provided that other offenses could be added if deemed necessary. However, what Congress intended to do by adding this discretion clause, thereby permitting additions to the specific offenses, was to make it possible to deny naturalization for other serious offenses, possibly not envisaged when the statute was passed. It was not its purpose to permit a judge to add to the list any or all offenses which in his perspective might be regarded as serious enough to deny citizenship to an applicant. While the law gives the trial judge discretion in cases of this kind, it is not within my province to make a personal moral judgment on what the two adults mentioned herein have done. The Court of Appeals for the Second Circuit, L. Hand, J., has stated "that the test is not the personal moral principles of the individual judge or court before whom the applicant may come * * *." Posusta v. United States, 285 F.2d 533, 534, 535 (2d Cir. 1961).

■ Using the list of offenses in the Nationality Act as a guide and taking into account the seriousness of all of them, it is my opinion that this petitioner has not committed such an offense or such offenses as will deprive her of the right to citizenship. With somewhat different reasoning, other courts have reached the same conclusion. Schmidt v. United States, 177 F.2d 450 (2d Cir. 1949); Posusta v. United States, supra; Petition of Kielblock, 163 F.Supp. 687 (S.D.Cal.1958); Petition of Denessy, 200 F.Supp. 354, 358, 359 (D.Del.1961); Petition of Vymetal, D. & C.2d (1965); 152 Legal Intelligencer No. 108 (June 8, 1965); See United States v. Manfredi,

168 F.2d 752 (3d Cir. 1948) and United States v. Palombella, 168 F.2d 903 (3d Cir. 1948) [relevant facts are contained in Record of cases on appeal].

Petition granted.

**6.** See Ex parte Isojoki, 222 F. 151 (N.D. Cal.1915) Annotation: What constitutes a crime involving moral turpitude within meaning of immigration acts, 95 L.Ed. 899, 910, 911 (1950).