**In the Matter of the Petition for Naturalization of Jeanne Marguerite MORTYR.**

**Misc. No. 281.**

United States District Court.
D. Oregon.

Oct. 29, 1970.

Alexander Schneider, Portland, Or., for petitioner.

William E. Dillon, Gen. Atty. (Nationality), Immigration & Naturalization Service, Portland, Or., for Immigration and Naturalization Service.

### OPINION

ALFRED T. GOODWIN, District Judge:

A Swedish national whose petition for United States citizenship received an adverse recommendation from the hearing examiner has asked for and received a hearing in open court under 8 U.S.C. § 1421.

Jeanne Marguerite Mortyr filed her petition in proper form and was examined by an officer of the Immigration and Naturalization Service. The examiner conducted a detailed hearing and filed his recommendation together with a verbatim transcript of the hearing. The examiner found against the petitioner on the sole ground that she was living with a man to whom she was not married.

To be qualified for naturalization a person must be of good moral character. 8 U.S.C. § 1427(a) (3). The question, therefore, is whether a person otherwise shown to be without fault should be denied citizenship because of her refusal to conform to conventional practices and local laws with respect to the solemnization of marriage.

The Immigration and Naturalization Service concedes that the petitioner is not within any of the classes declared by 8 U.S.C. § 1101(f) to be disqualified for reasons of bad moral character. Petitioner has no record of conviction, juvenile delinquency, or arrest. There was no adverse information in her file, except the fact that she made her home with an unmarried man.

Petitioner since childhood has been self-supporting, working primarily as a nurse and governess. She is fluent in several languages. She has worked in this country since 1964. She has never been married. Her former employer recommends her highly. The government has found no evidence of promiscuity or other unstable behavior. The petitioner's neighbors in Portland apparently think highly of her, and none have complained or indicated disapproval of her living situation. Her companion was examined in court and appears to be a man of good repute and character. At no time has the petitioner made any attempt to conceal her living arrangements or deceive immigration officers.

The evidence indicates that both the petitioner and her companion consider themselves to be married and believe that they have entered into a lifelong relationship. Her companion has undertaken to make testamentary provision for petitioner after his death. He testified that he has been and now is able and willing to marry the petitioner, but that she has declined his offers of formal marriage.

I am convinced that the petitioner has not refused marriage out of whimsy or from a desire to remain uncommitted, but rather out of a sincere and reasoned belief that marriage in the United States is all too often a transient status. She has, in a manner of speaking, formed a conscientious objection to the conventional marriage ceremony. This conviction has led her to a belief that to celebrate a socially acceptable marriage would, for her, be hypocrisy. She believes that it would be intellectually dishonest to enter into lawful wedlock merely to satisfy the Immigration and Naturalization Service.

While Oregon does not recognize the validity of common-law marriages, a number of other states do. In a state which recognizes common-law marriage, there would be no question that this petitioner would qualify on moral grounds for naturalized-citizen status. In the interest of uniformity in the application of federal immigration and naturalization law, petitioner should be granted that status wherever she makes her home.

Recognition of the change that has taken place in national standards of morality during the postwar decades is not without ample support in the case law. In Posusta v. United States, 285 F.2d 533 (2d Cir. 1961), the court, in an opin-

ion by Learned Hand, J., reversed a district court's denial of a petition for naturalization and held that the good-moral-character requirement was satisfied despite a five-year period of cohabitation prior to a formal marriage ceremony. In In re Van Dessel, 243 F.Supp. 328 (E.D.Pa.1965), the district court held that mere fornication was not grounds for denial of a naturalization petition. And in In re Garstka, 295 F.Supp. 833 (W.D.Mich.1969), the court held that a widowed petitioner's sexual activities with an unmarried woman which resulted in the birth of an illegitimate child did not preclude a finding of good moral character.

In view of these precedents and the obvious change in the mores of society concerning family formation, it would be unfair and inhumane to deny to this thrifty, industrious, and honest immigrant the blessings of citizenship merely because she conscientiously refuses to subscribe to conventional demands for a ceremonial marriage.

The petition shall be granted as soon as the Immigration and Naturalization Service conveniently can process the file.

This opinion will constitute findings of fact and conclusions of law pursuant to Fed.R.Civ.P. 52(a).