**Nan Marie NEALE, Petitioner,**

v.

**Carla PFEIFFER, et al., Respondents.**

No. C–3–81–458.

United States District Court, S. D. Ohio, W. D.

Sept. 3, 1981.

Steven Morrison, St. Marys, Ohio, for petitioner.

## DECISION AND ENTRY DENYING PETITION FOR WRIT OF HABEAS CORPUS; CASE TERMINATED

RICE, District Judge.

Attorney Steven Morrison, purporting to act on behalf of the Petitioner, Nan Marie Neale, a 28 year old female, who is allegedly being confined against her will in the State of Nebraska, after having been forcibly kidnapped from the Southern District of Ohio, by a number of private individuals who are attempting to force her to denounce her religious beliefs, has filed a Petition for Writ of Habeas Corpus, seeking both to have the Petitioner delivered to United States Authorities and to secure a temporary restraining order, preventing the Respondents (her captors) from interfering with her constitutional, civil and legal rights until such time as an action for permanent injunction and damages can be brought.

Upon due consideration of the relevant legal authorities, considered in light of the facts as set forth in the aforementioned Petition for Writ of Habeas Corpus, this Court concludes that said petition is not well taken and same is, therefore, denied in its entirety.

Even assuming, arguendo, that the Petitioner's letter does in fact constitute a plaintive cry for release from confinement, as opposed to a recitation of events coupled with a vow to remain untouched by her captivity, and that Attorney Steven Morrison was contacted by the Petitioner, prior to her kidnapping, and that, therefore, he may file this Petition for Writ of Corpus in her behalf, the fact remains that diligent research has failed to uncover either a sin-

gle case in which a Writ of Habeas Corpus has issued or a legal treatise justifying the issuance of a writ in a case involving purely private parties, where there has been no state or federal proceeding, and where the custodian is not acting as an agent of a government agency or entity.

In *Peyton v. Rowe*, 391 U.S. 54, 55, 88 S.Ct. 1549, 1550, 20 L.Ed.2d 426 (1968), the Supreme Court was asked to consider "the scope of 28 U.S.C. § 2241(c)(3), which specifies that the United States District Courts may issue writs of habeas corpus on behalf of prisoners who are 'in custody in violation of the Constitution . . . of the United States.'" The precise question was:

> Whether a district court may entertain a petition for a writ of habeas corpus from a prisoner incarcerated under consecutive sentences who claims that a sentence that he is scheduled to serve in the future is invalid because of a deprivation of rights guaranteed by the Constitution.

*Id.* In essence, this case involved a re-examination and refutation of the Court's previous decision in *McNally v. Hill*, 293 U.S. 131, 55 S.Ct. 24, 79 L.Ed. 238 (1934), wherein the Court had held that "the habeas corpus statute does not authorize attacks upon future consecutive sentences." 391 U.S. at 55, 88 S.Ct. at 1550. In *Peyton*, the Court explicitly overruled *McNally*, holding "that a prisoner serving consecutive sentences is 'in custody' under any one of them for purposes of § 2241(c)(3)." *Id.* at 67, 88 S.Ct. at 1556 (footnote omitted).

In arriving at this determination, the Court discussed the history and purpose of habeas corpus. It explained:

> The writ of habeas corpus is a procedural device for subjecting executive, judicial, or *private* restraints on liberty to judicial scrutiny. Where it is available, it assumes among other things that a prisoner may require his jailer to justify the detention under the law.

*Id.* at 58, 88 S.Ct. at 1551 (footnotes omitted) (emphasis added). It is the above quoted statement which is of particular interest with respect to the case at bar. Read literally, it would appear to give credence to the contention that a writ of habeas corpus is

an appropriate remedy in a situation where a petitioner is wrongfully detained by a purely private party. However, the case law does not support such a literal reading. On the contrary, the golden thread which runs through every habeas case of which the Court is aware is that there is some governmental involvement in the detention, confinement or custody.

For example, writs have issued against parents in cases involving child custody. In *Young v. Minton*, 344 F.Supp. 423 (W.D.Ky. 1972), a writ was issued to compel a mother to turn her children over to a United States Marshall, when she had, in defiance of a North Carolina court order awarding custody of the children to the father, taken the children to Kentucky. Therein, the Court stated:

> In the instant case it is obvious that this Court's jurisdiction would not have been called into play had it not been for the illegal action of Mrs. Minton in removing the children to Kentucky in defiance of an order entered by a North Carolina Court which had jurisdiction over both her and the children at the time the order was entered.

*Id.* at 428.

Petitions have also been entertained where a person has been committed to a mental institution, either through civil or criminal commitment proceedings. *E. g., Covington v. Harris*, 419 F.2d 617 (D.C.Cir. 1969); *Powell v. Florida*, 579 F.2d 324 (5th Cir. 1978). In either situation, the procedure by which the person had been committed is of governmental creation. The custodian acts as an agent of the state.

There have also been cases in which the writ has issued against ship officials who are acting as custodians of persons forbidden to enter this country. *E. g., Ex parte Chin*, 35 F. 354 (D.Or.1888); *Chin Yow v. United States*, 208 U.S. 8, 28 S.Ct. 201, 52 L.Ed. 369 (1908). In both cases, petitioners alleged that they were United States citizens, wrongfully denied their right to enter the country, and wrongfully detained on ships which had brought them from China. In *Ex parte Chin*, it was the "collector of customs," who had refused to allow peti-

tioner to embark from the ship. 35 F. at 355. In *Chin Yow*:

> [T]he Commissioner of Immigration at the port of San Francisco, after a hearing, denied his right to land ... the Department of Commerce and Labor affirmed the decision on appeal. *The petitioner thereupon was placed in the custody of the steamship company to be sent to China.*

208 U.S. at 11, 28 S.Ct. at 201. Although a writ of habeas corpus was issued in both cases against a private party, i. e., the ship official in whose custody the petitioner had been placed, the custody derived from some governmental action or inaction. In neither case was the detention or confinement carried out by a purely private party for purely private motives. Again, the custodian was implementing a governmental decision, and was, therefore, acting in the capacity of an agent of the state.

Counsel, who filed the instant petition on behalf of Ms. Neale, relies heavily on *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973), in support of the contention that this Court has jurisdiction to issue a writ of habeas corpus to respondents, who are allegedly holding petitioner in Norfolk, Nebraska. In particular, counsel points to language in *Braden*, wherein the Supreme Court stated:

> Read literally, the language of § 2241(a) requires nothing more than that the court issuing the writ have jurisdiction over the custodian. So long as the custodian can be reached by service of process, the court can issue a writ "within its jurisdiction" requiring that the prisoner be brought before the court for a hearing on his claim, or requiring that he be released outright from custody, even if the prisoner himself is confined outside the court's territorial jurisdiction.

*Id.* at 495, 93 S.Ct. at 1129.

Having closely read *Braden*, in its entirety, the Court believes that petitioner's reliance thereon is misplaced. *Braden* is not a case which involves detention or confinement, outside the territorial jurisdiction of the court by purely private parties. Rather, it involved a situation where petitioner,

incarcerated in an Alabama penal institution, sought a writ of habeas corpus in the Western District of Kentucky to compel the Commonwealth of Kentucky to grant him a speedy trial on a three year old indictment. Petitioner was attacking "the validity of the Kentucky indictment which underlies the detainer lodged against him by officials of that State." *Id.* at 486–87, 93 S.Ct. at 1125. The question concerned the proper forum, as between the District Court of Kentucky and the District Court of Alabama, for seeking habeas corpus relief.

The Court held that "the petitioner's absence from the Western District of Kentucky did not deprive the court of jurisdiction ...," *id.* at 500, 93 S.Ct. at 1132, and that the federal court in Kentucky could issue a writ of habeas corpus "within its jurisdiction" to the appropriate prison official in Alabama. The Court explained:

> In such a case, the *State holding the prisoner in immediate confinement acts as agent for the demanding State*, and the custodian State is presumably indifferent to the resolution of prisoner's attack on the detainer. Here, for example, the petitioner is confined in Alabama, but his dispute is with the Commonwealth of Kentucky, not the State of Alabama.

*Id.* at 498–99, 93 S.Ct. at 1132 (footnote omitted) (emphasis added).

Thus, the golden thread of governmental involvement also runs through *Braden*, where the custodian of petitioner, outside the territorial limits of the Western District of Kentucky, was acting as an agent for the State of Kentucky. This case, is, therefore, inapplicable to the case at bar, where there is no agency relationship between the state of Ohio or any other governmental entity and the respondents, who are allegedly confining petitioner in Norfolk, Nebraska.

There is simply no authority which would authorize or require the Court to issue a writ of habeas corpus in the situation at bar, where the petitioner is not being detained or confined pursuant to a judicial decree or governmental action or decision. The confinement or custody of which the petitioner complained is the result of purely private parties, acting for personal motives.

Even if this Court agrees that their conduct is wholly reprehensible and without justification, the Court is not empowered to grant the relief requested.

WHEREFORE, based upon the aforesaid, this Court denies the Petitioner's application for a Writ of Habeas Corpus and, in so doing, grants judgment in favor of the Respondents and against the Petitioner herein.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

Counsel should take note that this Decision is also in the form of a judgment entry. Therefore, the time for prosecuting an appeal to the Sixth Circuit Court of Appeals must be computed from the date upon which this Decision and Entry is filed.